1
2
3
4

Craig Alan Hansen, Esq. (Cal. Bar No. 209622)
Law Offices of Craig Hansen
560 S. Winchester Blvd., Suite 500
San Jose, CA 95128
Tel: (408) 571-6300
Fax: (408) 571-6302
Email: craig@craighansenlaw.com

5

Attorneys for Plaintiff Payoda, Inc.

6

7

**UNITED STATES DISTRICT COURT**

8

**NORTHERN DISTRICT OF CALIFORNIA**

9

10

PAYODA, INC., a New York corporation,

**Case No. 5:14-CV-04103**

11

Plaintiff,

Complaint for:

12

v.

(1) Defamation;

13

PHOTON INFOTECH, INC., a California
corporation,

(2) Trade Libel;

14

(3) Intentional Interference with
Prospective Economic Advantage;

15

Defendant.

16

(4) Unfair Competition (Cal. Bus. &
Prof. Code § 17200, et. seq.)

17

18

19

20

Plaintiff alleges:

21

1.      Plaintiff, PAYODA, INC. ("Plaintiff" or "Payoda"), is now, and at all times

22

mentioned in this complaint was, a corporation organized and existing under the laws of the State of

23

New York, with its principal place of business in Plano, Texas.  Plaintiff is an Information

24

Technology Service Provider which provides services to clients across the United States, including

25

within the State of California.

26

2.      Defendant, PHOTON INFOTECH, INC. ("Defendant" or "Photon"), is now, and at

27

all times mentioned in this complaint was, a corporation organized and existing under the laws of

28

the State of California, with its principal place of business in Santa Clara County, California.

1   Defendant is also an Information Technology Service Provider.  Plaintiff and Defendant can be

2   considered as Competitors in some area of their businesses, particularly in providing IT Services to

3   clients.

**Jurisdiction and Venue**

5       3.      The jurisdiction of this Court over the subject matter of this action is predicated on

6   28 USC Sec. 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7       4.      Venue in this Court is proper as all defendants reside in this district.

**General Allegations**

9       5.      Plaintiff brings this action to curb and obtain relief in regards to a series of malicious

10  and abusive actions taken by Photon which are intended to cause, and have caused, serious and

11  irreparable damage to Payoda's business, as well as the reputation of its business, products, and

12  services.  Such actions include, but are not limited to, causing three false and defamatory letters

13  (**Exhibits A, B, and C**) to be sent directly to Payoda's customers, Verizon, Hedgemark

14  International, and Bank of America:  (1) falsely accusing Payoda of stealing Photon's intellectual

15  property ("IP"); (2) falsely claiming that Payoda's products and services may be tainted with

16  Photon's stolen IP and suggesting that Payoda's customers may be exposed to legal action for

17  procuring or using such products or services; and (3) making reference to bogus criminal

18  proceedings that Photon initiated in India based on false allegations and fabricated evidence.

19      6.      On information and belief, Payoda's present employee, Mr. Thennavan Asaithambi,

20  was previously employed by Photon from June 2004 through April 2013. He joined Photon as Sales

21  Executive and promoted up to the level of Director Sales when he left Photon.  Thennavan tendered

22  his resignation to Photon on January 4, 2013 and got relieved from Photon on April 12, 2013 after

23  duly serving the required notice period and later joined Payoda as VP-Sales.

24      7.      Upon learning that Thennavan left Photon to work for its competitor, Payoda,

25  Photon immediately responded with a series of outrageous and malicious actions against

26  Thennavan, Payoda, and Payoda's CEO, Anand Purusothaman.  For example, on May 31, 2013,

27  Photon's CEO, Mr. Srinivas Balasubramaniam, sent Thennavan a series of threatening and

28  intimidating emails stating, for example:

- "[F]or the next 10 years. I will ensure that besides this thief that you work for; you will not have one place in the world that employs you. …. Consider your career finished with this job."

- "And when you go home today, mark a big red mark against this date on the calendar. This is the day your life just turned in a very bad way."

- "Count the number of sleepless nights, countdown the number of days to bankruptcy and count out the number of days more you are employed anywhere in the world."

- "God save you and your family.  I do not feel it is worth my time communicating to an ungrateful wretch like you.  Deal with my underlings.  What shall happen to you shall happen."

8.      On May 21, 2013, Photon lodged a private complaint with the Saidepet Maigstrate Court in India (**Exhibit D – the "India Complaint"**) against, *inter alia*,  Thennavan, Anand Purushothaman, [1] falsely alleging that Thennavan, while still employed at Photon, sent Photon's supposedly proprietary "business presentations," "quotations," and "other business details" to Payoda.  On information and belief, to support these baseless allegations, Photon manufactured and submitted three fake emails (**Exhibits E, F, and G**) – dated October 11, 2012, November 10, 2012, and January 15, 2013 – purportedly from Thennavan Asaithambi to Anand Purusothaman and supposedly transferring various Photon sales presentations to Payoda.  In fact, these emails were never sent.  On information and belief, Photon manipulated and fabricated these emails while in custody of Thennavan' s laptop, email address and password, which he surrendered to Photon following his resignation.

9.      On the basis of Photon's false allegations and doctored evidence, Thennavan was arrested and taken into judicial custody on March 10, 2014.  After several rejected bail applications and subsequent appeals, Thennavan's bail was finally granted and he was released from custody on April 4, 2014.  On information and belief, India Police Authorities have asked Google (Payoda's email provider) for validation and authentication of the three emails allegedly sent by Thennavan to Purusothaman.  The outcome of that request is presently unknown.  In any event, on information and belief, based on the lack of evidence, India Police authorities have taken no further action against Thennavan, Anand Purushothaman, or Payoda and no charge sheet has been filed.

10.     On information and belief, on or about March 18, 2014, Photon caused three

---

[1] Anand Purusothaman is Chief Executive Officer of  Payoda, Inc, and Payoda Technologies Pvt Ltd India-based parent company to plaintiff Payoda, Inc.

1    malicious and defamatory letters (**Exhibits A, B, and C**) to be sent by its counsel, ComputerLaw

2    Group, LLP, to three of Payoda's major customers, Verizon, HedgeMark International, and Bank of

3    America, containing a host of false, disparaging, and defamatory statements about Payoda and its

4    products and services.  Such statements include that:

5           a.   "As a result of investigations conducted by the authorities in India and internally, Photon

6                has recently uncovered substantial evidence that its intellectual property has been stolen

7                by Payoda."  In fact, Photon has uncovered *no evidence* that Payoda stole "intellectual

8                property" from Payoda, and actually fabricated the "evidence" offered in support of its

9                private complaint in India.  Moreover, Photon's letter does not reference what

10               "intellectual property" it is referring to, giving the false and misleading impression that

11               Payoda stole Photon's software or source codes – which is not even alleged in the India

12               Complaint.

13          b.   "Police investigation has shown that Payoda bribed several Photon's ex-employees,

14               including Thennavan, to part with Photon's IP."  Payoda has not "bribed" any of

15               Photon's ex-employees, and "police investigation" has shown no such thing.  Indeed,

16               there is no allegation of "bribery" in, or in connection with, the India Complaint.

17          c.   "Given the significance of [HedgeMark, Verizon, or Bank of America] as part of

18               Payoda's overall business, Photon is concerned that its IP was used for the services

19               Payoda provided to you.  We believe that the ongoing police investigation will reveal

20               the full extent of the theft of intellectual property by Payoda and will involve the review

21               of any and all work that may have been done by Payoda for all its customers, including

22               you." This statement gives the reader the false and misleading perception that the

23               products and services furnished by Payoda are tainted with Photon's allegedly stolen

24               "IP" and that its use or procurement could result in civil or criminal liabilities and

25               associated business losses.  Indeed, given that the India Complaint was based entirely on

26               the alleged transfer of sales presentations, there is no possibility that Payoda's products

27               or services contain Photon's stolen IP – such as software or source codes.

28          d.   "We are writing to you now to request your cooperation and assistance in this very

COMPLAINT                                            4                                        Case No. 5:14-CV-04103

1    serious and ongoing investigation.  While we recognize the possibility that Photon's IP

2    may have been misused by Payoda without the knowledge of  Hedgemark/Verizon, our

3    client does take any violation of their IP extremely seriously and will take all corrective

4    steps necessary to protect their rights"

5    11.    On or about May 8, 2014, Payoda, through its legal counsel, James A. A. Kirk, sent

6    a letter to Photon's counsel, Christopher Sargent of ComputerLaw Group, LLP, confirming that the

7    letters that Photon sent to Payoda's customers contain "false, malicious and defamatory

8    statements," and demanding that Photon immediately cease "the above defamatory, deceptive and

9    unfair business practices and stop its efforts to tortiously interfere with [Payoda's] business

10   relations."  (**Exhibit H**).

11   12.    On or about May 22, 2014, Sargent wrote to Kirk refusing his demand and claiming

12   that Photon has the ongoing right to make the alleged statements "to whomever it deems

13   necessary."  (**Exhibit I**).

14   13.    Payoda has suffered substantial and irreparable harm to its business and reputation as

15   a direct and proximate result of Photon's unlawful actions as alleged above, including business

16   losses and diminished marketability of its products and services.

17                             **First Cause of Action**

18                                **(Defamation)**

19   14.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 13

20   of this Complaint.

21   15.    Defendant communicated a derogatory and false statements concerning Plaintiff's

22   reputation to one or more third parties.

23   16.    The third parties who received the alleged communications understood them to be

24   both derogatory and about Plaintiff.

25   17.    The statements that Defendant made to Plaintiff's customers are not privileged.

26   18.    At the time that Defendant made the alleged statements, Defendant knew that they

27   were untrue or otherwise failed to use reasonable care to determine their truth or falsity.

28   19.    As a direct and proximate result of Defendant's acts of defamation as alleged herein,

1  Plaintiff has suffered damages to its business and reputation in an amount according to proof, but

2  believed to exceed $3,000,000.

3      20.      Defendant's actions as alleged herein were made with malice, fraud, and oppression,

4  thus entitling Plaintiff to an award of punitive damages.

5  **Second Cause of Action**

6  **(Trade Libel)**

7      21.      Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 13

8  of this Complaint.

9      22.      On or about the dates alleged above, Defendant intentionally, wrongfully, with

10 justification, and without privilege published the aforementioned false and disparaging statements

11 concerning Plaintiff's products and services directly to Plaintiff's customers.

12     23.      The statements proximately caused damage to Plaintiff in that they have deterred

13 customers from purchasing Plaintiff's goods and services or conducting business with Plaintiff.

14 As a direct and proximate result of Defendant's acts of trade libel as alleged herein, Plaintiff has

15 suffered damages in an amount according to proof, but believed to exceed $3,000,000.

16     24.      Defendant's actions as alleged herein were made with malice, fraud, and oppression,

17 thus entitling Plaintiff to an award of punitive damages.

18 **Third Cause of Action**

19 **(Intentional Interference with Prospective Economic Advantage)**

20     25.      Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 13

21 of this Complaint.

22     26.      Plaintiff was involved in a valid and existing business relationship with various

23 customers, including Verizon, HedgeMark International, and Bank of America.

24     27.      Defendant knew of the relationship between Plaintiff and the above-alleged

25 customers.

26     28.      As a result of defendant's intentional acts, the business relationship between

27 plaintiff and its customers has been disrupted as alleged herein.

28     29.      Defendant's interference with the business relationships between plaintiff and its

1    customers has resulted in damage to plaintiff an amount according to proof, but believed to exceed

2    $3,000,000.

3         30.    Defendant's actions as alleged herein were made with malice, fraud, and oppression,

4    thus entitling Plaintiff to an award of punitive damages.

5                                    **Fourth Cause of Action**

6                **(Unfair Competition – Cal. Bus. & Prof. Code § 17200, et seq.)**

7         31.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 13

8    of this Complaint.

9         32.    Defendant's conduct as alleged herein constitutes an unlawful, fraudulent, and

10   unfair business act or practice.

11        33.    Defendant's acts of unfair competition have caused the Plaintiff injury in fact.

12        34.    As a result of Defendant's acts of unfair competition, Plaintiff is entitled to

13   restitution of lost money or property and appropriate equitable relief to prevent further acts of

14   unfair competition.

15                                          **Prayer**

16        Wherefore, plaintiff prays for judgment against defendant as follows:

17        1.  Damages in an amount according to proof, but believed to exceed $3,000,000;

18        2.  Restitution in an amount according to proof, but believed to exceed $3,000,000;

19        3.  Punitive damages;

20        4.  Injunctive relief;

21        5.  Costs of suit; and

22        6.  Any further relief as the Court may determine to be appropriate.

23

24                                     Law Offices of Craig Hansen

25

26   Date:  September 9, 2014            _____/s/_____
                                        Craig Alan Hansen
27                                      Attorney for Plaintiff Payoda, Inc.

28

1

**Demand for Jury Trial**

2        Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil

3    Procedure.

4

                                      Law Offices of Craig Hansen
5

6

    Date:  September 9, 2014                    /s/
7                                      Craig Alan Hansen
                                       Attorney for Plaintiff Payoda, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28