Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Defendant
PHOTON INFOTECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAYODA, INC., a New York Corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PHOTON INFOTECH, INC., a California corporation,<br><br>　　　　　　Defendant. | Case No. 5:14-CV-04103<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12(b)(6) AND 12(B)(7)**<br><br>Date: December 2, 2014<br>Time: 10:00 a.m.<br>Courtroom: 5, 4th Floor<br>Before the Hon. Paul S. Grewal |

Computerlaw Group LLP
www.computerlaw.com℠

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................................. ii

NOTICE OF MOTION AND MOTION ............................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................................... 1

INTRODUCTION ............................................................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND ............................................................................. 2

LEGAL STANDARD ....................................................................................................................... 2

ARGUMENT ................................................................................................................................. 3

I. PHOTON INDIA IS AN INDISPENSABLE PARTY WITHOUT WHOM THIS ACTION CANNOT PROCEED. ............................................................ 3

II. CALIFORNIA LAW AND THE U.S. CONSTITUTION PROTECT PHOTON INDIA'S EXERCISE OF ITS RIGHTS TO PROTECT ITS LEGAL RIGHTS AND RESPONSIBILITIES. ............ 5

    A. Payoda's Complaint Is Based on a Litigation Privileged Communications Before an Indian Court. ............................................. 5

    B. The Courts in India Have Long Been Understood to Be Courts of "Competent Jurisdiction." ......................................... 6

III. CONCLUSORY ALLEGATIONS OF FALSITY CANNOT SUPPORT PAYODA'S CLAIMS. .............. 9

CONCLUSION ............................................................................................................................. 11

Computerlaw Group LLP
www.computerlaw.com[sm]

# TABLE OF AUTHORITIES

**Case Law**:

In re Apple iPhone Antitrust Litig.,
  874 F. Supp. 2d 889 (N.D. Cal. 2012) .................................................................................. 4

Ashcroft v. Iqbal,
  556 U.S. 662 (2009) ................................................................................................... 2, 3, 9

Balistreri v. Pacifica Police Dep't,
  901 F.2d 696 (9th Cir. 1988) ................................................................................................ 3

Bell Atl. Corp. v. Twombly,
  550 U.S. 544 (2007) ................................................................................................... 2, 3, 9

Berioz v. Wahl,
  84 Cal. App. 4th 485 (2001) ................................................................................................ 5

Bi v. Union Carbide Chems. & Plastics Co.,
  984 F.2d 582 (2d Cir. 1993) ................................................................................................. 7

Charlson v. DHR Int'l, Inc.,
  2014 U.S. Dist. LEXIS 136460 (N.D. Cal. Sept. 25, 2014) ................................................ 9

E. & J. Gallo Winery v. Andina Licores S.A.,
  2006 U.S. Dist. LEXIS 4706 (E.D. Cal. Jun. 30, 2006) ...................................................... 5

Galen Inv. Advisors, Inc. v. Alcatel Canada, Inc.,
  2002 U.S. Dist. LEXIS 19622 (N.D. Cal. Oct. 10, 2002) .................................................... 3

Hartog v. Jots, Inc.,
  2004 U.S. Dist. LEXIS 23627 (N.D. Cal. Nov. 12, 2004) .................................................. 4

Knievel v. ESPN,
  393 F.3d 1068 (9th Cir. 2005) .............................................................................................. 6

Luxpro Corp. v. Apple Inc.,
  2011 U.S. Dist. LEXIS 35008 (N.D. Cal. Mar. 24, 2011) ................................................. 10

Merial Ltd. v. Sipla Ltd.,
  681 F.3d 1283 (Fed. Cir. 2012) ............................................................................................ 7

Picard v. Connor,
  404 U.S. 270, 279 (1971) ..................................................................................................... 7

N. Star Int'l v. Ariz. Corp. Comm'n,
  720 F.2d 578 (9th Cir. 1983) ................................................................................................ 2

Computerlaw Group LLP
www.computerlaw.com<sup>sm</sup>

Oei v. N Star Capital Acquisitions, LLC,
   486 F. Supp. 2d 1089 (C.D. Cal.2006) .................................................................. 5

Randhawa v. Skylux Inc.,
   2013 U.S. Dist. LEXIS 93872 (E.D. Cal. July 3, 2013) ....................................... 7

Sanguinetti v. Viewlogic Sys.,
   1996 U.S. Dist. LEXIS 1219 (N.D. Cal. Jan. 23, 1996) ....................................... 4

Seeley v. Seymour,
   190 Cal. App.3d 844 (1987) ................................................................................. 9

Steckman v. Hart Brewing,
   143 F.3d 1293 (9th Cir. 1998) ............................................................................ 10

Transcription Commc'ns. Corp. v. John Muir Health,
   2009 U.S. Dist. LEXIS 25151 (N.D. Cal. Mar. 13, 2009) .................................. 10

In re Union Carbide Corp. Gas Plant Disaster at Bhopal,
   809 F.2d 195 (2d Cir. 1987) ................................................................................. 8

Statutes:

Fed. R. Civ. P. 9(g) ........................................................................................................ 10

Fed. R. Civ. P. 19(a) ........................................................................................................ 3

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 1, 2

Fed. R. Civ. P. 12(b)(7) ............................................................................................ 1, 3, 4

Cal. Civ. Code 47(b)(2014) ............................................................................................ 5

**Computerlaw Group LLP**
www.computerlaw.com℠

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 2, 2014 at 10:00 a.m., or after that as this motion may be heard by Judge Paul S. Grewal in Courtroom 5 on the 4th Floor of the U.S. District Court for the Northern District of California at 280 South 1st Street, San Jose, California. Defendant Photon Infotech, Inc. shall and does move this Court to dismiss this action for failure to join an indispensable party and failure to state a claim upon which relief can be granted. This motion is based on Rules 12(b)(7), 12(b)(6)[1] and 19 of the Federal Rules of Civil Procedure, the Memorandum of Points and Authorities, the pleadings filed in this action, and such other matters as may be raised in the briefing on this motion, or argued before the Court at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

On its face, the Complaint filed in this action relates to a dispute centered in India between two Indian businesses; yet despite this clear locus of event in India, Plaintiff failed to join the indispensable Indian entity that is named on **all** of the documents attached to the Complaint. Those documents must be given greater weight than the allegations of the Complaint, and they prove that the necessary party to this case is Photon Infotech Private Limited, an Indian private limited company ("Photon India") and not Photon Infotech, Inc., a California corporation ("Photon California").

Additionally, this lawsuit arises from solely from Photon India's efforts to protect itself in the Courts in India against Plaintiff and its co-tortfeasor ex-employee of Photon India, all of which is not only not the proper basis for a lawsuit, but constitutionally protected under the First Amendment. As such, the claims in the Complaint cannot stand as a matter of law.

Finally, the allegations in the Complaint are vague and conclusory and do not meet the applicable requirements for pleading the federal courts. An essential element of the claims

---

[1] This Motion is made without prejudice to Photon India (as defined below) filing a Special Motion to Strike under California's anti-SLAPP statute when and if the correct and indispensable parties are before this Court.

Computerlaw Group LLP
www.computerlaw.com℠

alleged are that Photon India's representations are false, and yet only the conclusion of falseness is alleged without any substance behind it. In fact, the assertion of falsity is implausible, belied as it is by the non-conclusory factual allegations of the Complaint and the documents attached to it, including especially the fact that there is an **ongoing** police investigation in India and the fact that both the Photon India's ex-employee and Payoda's CEO were either arrested or required to post bail in that investigation. Payoda's Complaint is not well-founded in fact or law, names the wrong party, is based on constitutionally protected speech, and is otherwise impermissibly conclusory. Accordingly, the Complaint should be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

Payoda, Inc. is an Indian based Coimbatore IT services provider incorporated in New York. Photon India is a private, limited company that specializes in computer software solutions, technology consulting, application development, and IT infrastructure services.

As a result of investigations conducted by the authorities in India and internally, Photon India uncovered substantial evidence that its intellectual property was stolen by Payoda. Complaint, Exh. A. There is ongoing criminal litigation in India implicating several of Payoda's current employees, who were formerly Photon India employees. Complaint, ¶¶8-9, Exh. D.

As a result of Payoda's criminal and tortious conduct, Photon India provided notices to three of Payoda's customers, namely Verizon Wireless, Hedgemark International, and Bank of America, outlining the pending investigations into Payoda's misappropriation of Photon India's IP and its intent to protect its IP by any means necessary. Complaint at Exhibits A-C.

Payoda responded by demanding that Photon India cease and desist from its exercise of its rights to free speech and attempts to protect its intellectual property. Complaint, Exh. H. Photon India refused to withdraw its notices. Complaint, Exh. I.

## LEGAL STANDARD

### Rule 12(b)(6) Motions to Dismiss and the Iqbal/Twombly Pleading Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the

absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief"; however, a Plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 674 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 555. Courts "are [also] not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**ARGUMENT**

**I.   PHOTON INDIA IS AN INDISPENSABLE PARTY WITHOUT WHOM THIS ACTION CANNOT PROCEED.[2]**

As the attachments to the Complaint conclusively establish, Photon India is the company that suffered harm in India from Payoda's wrongdoing, that is involved in the criminal proceedings in India, and that sent letters informing Payoda's customers of the thefts by Payoda and requesting their cooperation to ensure no further leakage of Photon India's intellectual property. All of these activities were by Photon India, not Photon California, making Photon India an indispensable party (and Photon California an incorrectly joined party[3]). Rule 12(b)(7) requires dismissal of claims that fail to join a party that is necessary or indispensable under Rule 19. Rule 19(a) states a party is necessary if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest, or (ii) leave an existing party subject to a substantial risk of incurring multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).

---

[2] Counsel of record have met and conferred on this issue and hope to reach an agreement to resolve this issue without Court intervention. This motion is being filed in order to preserve Photon California's rights and in the event a stipulation is not successfully concluded.

[3] Arguably, the Court also lacks jurisdiction, personal or otherwise, over Photon California in this matter as Photon California is not a proper party to this dispute in light of the allegations made and the documents underlying those allegations. See e.g. Galen Inv. Advisors, Inc. v. Alcatel Canada, Inc., 2002 U.S. Dist. LEXIS 19622, *11 (N.D. Cal. Oct. 10, 2002).

1    It is well-established that a "party may move to dismiss a case for 'failure to join a party
2  under Rule 19.' Fed. R. Civ. P. 12(b)(7). The Ninth Circuit has held that a court should grant a
3  12(b)(7) motion to dismiss only if the court determines that joinder would destroy jurisdiction
4  AND the nonjoined party is necessary and indispensable." <u>Sanguinetti v. Viewlogic Sys.</u>, 1996
5  U.S. Dist. LEXIS 1219, *6 (N.D. Cal. Jan. 23, 1996); <u>see also</u> <u>Hartog v. Jots, Inc</u>., 2004 U.S.
6  Dist. LEXIS 23627, *13 (N.D. Cal. Nov. 12, 2004).

7    Furthermore, the Court must determine whether an absent party is necessary. <u>In re Apple
8  iPhone Antitrust Litig.</u>, 874 F. Supp. 2d 889, 899 (N.D. Cal. 2012). A party is necessary if
9  complete relief cannot be accorded among those already parties in that party's absence.

10   Here, the necessity of Photon India is well-established by the attachments to the
11 Complaint. Those documents all reference India or Photon India or both, and none of them
12 reference Photon California. Complaint, Exh. A-I. All three letters open with this line, "We
13 represent Photon Infotech Pvt. Ltd. ("<u>Photon</u>") for the purposes of enforcing its intellectual
14 property rights, including certain materials misappropriated by Payoda Technologies."
15 Complaint, Exh. A-C. Exhibit D is a criminal complaint filed by Photon India. Complaint, Exh.
16 D. Though difficult to tell, Exhibits E, F, and G have a stamp saying "Photon Infotech P. Ltd."
17 (This is most clear on Exhibit G in the bottom left hand corner). Exhibit H and I similarly
18 reference only Photon India.

19   Naming Photon California should, therefore, be held to be incorrect, and Photon India
20 should be found to be a necessary party as it is the one named in all of the documents.[4]
21 Accordingly, under Rule 12(b)(7) that requires joinder of all parties deemed indispensable under
22 Rule 19, the Complaint should be dismissed.

23 //
24 //

---

[4] Multiple entities exist under the name "Photon Infotech" and even counsel for Photon India, who should know better, can make such mistakes. For example, a case was mistakenly filed by Photon California against Payoda (Santa Clara Superior Court Case No. 1-14-cv-265209). However, that complaint was unverified, and was dismissed prior to effecting service on Payoda or any court hearing or other action, in part to correct that mistake.

## II. CALIFORNIA LAW AND THE U.S. CONSTITUTION PROTECT PHOTON INDIA'S EXERCISE OF ITS RIGHTS TO PROTECT ITS LEGAL RIGHTS AND RESPONSIBILITIES.

All of the claims in the Complaint are based on communications by Photon India[5] related to criminal proceedings then and still occurring in India—and all such communications are immune from liability under California's litigation privilege. Cal. Civ. Code 47(b)(2014). As the Complaint states a complete defense under the litigation privilege, it must be dismissed. Oei v. N Star Capital Acquisitions, LLC, 486 F. Supp. 2d 1089, 1103 (C.D. Cal.2006).

California's litigation privilege, California Civil Code § 47(b) bars tort claims where the gravamen of the complaint in the U.S. proceedings is communications in proceedings before a non-U.S. tribunal, provided that the foreign court is shown to be one of competent jurisdiction, meaning it has sufficient due process safeguards. E. & J. Gallo Winery v. Andina Licores S.A., 2006 U.S. Dist. LEXIS 4706, at *24–25 (E.D. Cal. Jun. 30, 2006) (*following* Berioz v. Wahl, 84 Cal. App. 4th 485, 494 (2001)).

The Berioz reasoning, cited with approval by the Court in Gallo, was based on policy:

> Although foreign judicial systems differ from California's judicial system, applying the [litigation] privileges to proceedings and communications in foreign countries tends to promote these policies. Generally, "[a] foreign judgment will be *res judicata* in an American court if it has that effect in its country of rendition, and if it meets the American standard of fair trial before a court of competent jurisdiction." [Citation.] Thus, applying the absolute privilege to fair judicial proceedings in foreign countries encourages American citizens in these countries to resolve disputed in the courtroom, rather than by self-help, promotes the finality of judgment, and limits derivative tort litigation in California Courts.

Id. However, the Gallo ruling noted that this policy does not extend to bar declaratory relief or contract claims. Gallo, 2006 U.S. Dist. LEXIS at *23, 31.

### A. Payoda's Complaint Is Based on a Litigation Privileged Communications Before an Indian Court.

The Court may determine that this litigation privilege extends to communicative acts in foreign courts and bars tort claims in the American court on a motion to dismiss. Gallo, 2006 U.S. Dist. LEXIS at *23, 31.

---

[5] To the extent conflation between Photon India and Photon California continues (and it should not), these arguments apply equally to Photon California and are made solely to reserve all rights and ensure these arguments are not waived should Photon California somehow remain a party to these proceedings.

The correspondence that forms the basis of all four claims in the Complaint and its Exhibits A, B, and C indisputably relate to the proceedings in India. For example, the letter states, "the Central Crime Branch (CCB), Chennai Police has now arrested one of the key accused, A.V.A. Thennavan." The Complaint admits the truth of this statement. Complaint, ¶9.

The correspondence also explicitly references court documents filed in India, stating, "A copy of the court order along with the complaint filed by Photon [India] is attached for your reference. Also attached is the First Information Report ("FIR") filed by the CCB, Chennai Police, regarding the complaint against Payoda, Thennavan, Anand and some of Photon [India]'s other ex-employees who now work for Payoda and who we understand were instrumental in the IP theft." Complaint, Exs. A, B, and C. Those documents were not attached to the Complaint, but are submitted with this Motion. Declaration of Christopher Sargent, Exhs. 1 and 2.[6] These documents contain the basis for all of Payoda's claims, and these document prove that those are communications related to a police investigation and court proceeding in India, meeting the first requirement for finding these claims to be barred under California's litigation privilege.

### B. The Courts in India Have Long Been Understood to Be Courts of "Competent Jurisdiction."

On the question of "competent jurisdiction," California's District Courts consider whether the allegations set forth in the American pleading, accepted as factually true, assure the court that there are sufficient intrinsic due process safeguards in the foreign tribunal in question. Gallo, 2006 U.S. Dist. LEXIS at *26–27. A party who questions the competence of the foreign tribunal carries the burden of proof. Id.

Not only do the facts alleged in the Complaint establish India's courts as courts of competent jurisdiction (see Complaint, ¶¶8-9), there is no lack of precedent approving the effective implementation of due process as an organizing principle of India's justice system, much in the way it is safeguarded in our Courts where the litigation privilege is long established.

---

[6] On a motion to dismiss, it is proper for the Court to consider documents referenced in the Complaint, even if not actually attached to it. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

Our courts recognize that "India is a democracy," organized under a Constitution that "provides for a republican form of parliamentary government and guarantees the fundamental rights of the people, including equal protection and procedural due process," as well as an independent judiciary. Bi v. Union Carbide Chems. & Plastics Co., 984 F.2d 582, 585–586 (2d Cir. 1993). In that case, the Second Circuit noted the stringent review to which India's Supreme Court subjected its government's Bhopal Act, giving the Indian government exclusive standing to represent the victims of the 1984 Bhopal Gas Leak industrial disaster in mass tort disputes "in the courts of the world." Id. It affirmed the New York Southern District's decision to defer to the Indian High Court's determination that the Act of its democratically elected government, "was constitutional under the Indian Constitution and that the Act violated no principles of natural justice." Id. at 585.

Recognition of India's kinship with the United States as to these guiding principles extends back through the decades and as high as our Supreme Court. In a 1971 dissent, Mr. Justice Douglas wrote in passing that India's constitution contains both a due process and equal protection clause, noting India, like the United States, provided for both protections as concomitant but not coextensive safeguards of fairness in the courts. Picard v. Connor, 404 U.S. 270, 279, n. 2 (1971).

In addition to these shared guiding principles, India is also a signatory to the Hague Convention, effective since August 1, 2007, and has instituted mandatory procedures for service by foreign plaintiffs on persons within India that meet those international standards. Merial Ltd. v. Sipla Ltd., 681 F.3d 1283, 1295–96 (Fed. Cir. 2012).

On the separate and not entirely analogous question of whether India offers adequate alternative forum, which includes analysis of whether Indian substantive law and procedural process offers a satisfactory remedy to litigants, the Eastern District has noted "Multiple federal courts have found that India is an adequate forum." Randhawa v. Skylux Inc., 2013 U.S. Dist. LEXIS 93872, at *4 (E.D. Cal. July 3, 2013) (and gathering cases, Best Aviation Ltd. v. Chowdry, Nos. 2:12-cv-05852-ODW(VBKx), 2012 U.S. Dist. LEXIS 160672, 2012 WL 5457439, at *5 (C.D. Cal. Nov. 7, 2012); Farhang v. Indian Inst. of Tech., No. C-08-02658

1   RMW, 2012 U.S. Dist. LEXIS 3969, 2012 WL 113739, at *9 (N.D. Cal. Jan. 12, 2012);

2   <u>Chigurupati v. Daiichi Sankyo Co.</u>, LTD, Civ. No. 10-5495 (PGS), 2011 U.S. Dist. LEXIS

3   87432, 2011 WL 3443955, at *3–4 (D.N.J. Aug. 8, 2011); <u>Krish v. Balasubramaniam</u>, No.

4   1:060CV-01030 OWW TAG, 2007 U.S. Dist. LEXIS 33859, 2007 WL 1219281, at *2–3 (E.D.

5   Cal. Apr. 25, 2007)).

6          Indeed, the Second Circuit more directly addressed due process concerns raised on appeal

7   from the Southern District of New York's dismissal on a forum *non conveniens* motion.

> The Indian judiciary was found by the court to be a developed, independent and progressive one, which has demonstrated its capability of circumventing long delays and backlogs prevalent in the Indian courts' handling of ordinary cases by devising special expediting procedures in extraordinary cases, such as by directing its High Court to hear them on a daily basis, appointing special tribunals to handle them, and assigning daily hearing duties to a single judge. [The District Court] found that Indian courts have competently dealt with complex technological issues.

<u>In re Union Carbide Corp. Gas Plant Disaster at Bhopal</u>, 809 F.2d 195, 199 (2d Cir. 1987), *cert. den. sub nom.* <u>Bi v. Unino Carbide Chems. & Plastics Co.</u>, 510 U.S. 862 (1993).  The Second Circuit further agreed with Judge Keenan of the District Court that

> [t]he tort law of India, which is derived from common law and British precedent, was found to be suitable for resolution of legal issues arising in cases involving highly complex technology. Moreover, Indian courts would be in a superior position to construe and apply applicable Indian laws and standards than would courts of the United States. . . . [The District Court] further found that the absence of juries and contingent fee arrangements in India would not deprive the claimants of an adequate remedy.

<u>Id.</u>  The Second Circuit considered the Southern District's analysis of the procedural and substantive apparatus of the Indian system sufficient to dispel parties' assertion that proceeding in the Indian courts would deprive them of due process.  The description set forth is one of a court of competent jurisdiction, whose litigants are entitled to the litigation privilege.

       Accordingly, there can be no question that the Indian courts are a competent jurisdiction.  As both of the elements of the litigation privilege are established, the claims alleged cannot survive and should be dismissed with prejudice.

Computerlaw Group LLP
www.computerlaw.com℠

### III. CONCLUSORY ALLEGATIONS OF FALSITY CANNOT SUPPORT PAYODA'S CLAIMS.

An essential element of all four of the claims alleged by Payoda are that they contain false statements of fact. However, contrary to the requirements of Rule 8 and Iqbal/Twombly, nowhere does Payoda allege any basis for the Court to find such statements to be false. The only such allegations are conclusory argument that the statements were "false" or the emails "manufactured." Nowhere is it alleged what Payoda considers to be the "truth" as compared to the letters supporting the statements made there. Nor does Payoda offer any explanation for why the conclusions reached by various investigators and Courts in India would not be supportive of Photon India that Payoda and its co-conspirators engaged in the wrongful conduct stated by Photon India. Without such allegations, the bare recitations of false statements in the defamation and trade libel claims are, at best, speculative, and in truth, implausible, rendering the Complaint fatally defective.

First, it is well established that "defamation requires the intentional publication of a statement of fact which is false, unprivileged, and has a natural tendency to injure or which causes special damage." Charlson v. DHR Int'l, Inc., 2014 U.S. Dist. LEXIS 136460. *12 (N.D. Cal. Sept. 25, 2014). As noted above, the communications on which Payoda bases its defamation theory are privileged. In addition, Payoda alleges in a conclusory manner that "Defendant communicated derogatory and false statements concerning Plaintiff's reputation to one or more third parties" and that "Defendant knew they were untrue or otherwise failed to use reasonable care to determine their truth or falsity." Complaint ¶¶15, 18. These simple allegations are not sufficient to meet the requirements of Rule 8 because they provide no statement or explanation regarding why the statements in the letters were supposedly false, nor even what their version of the facts are that plausibly could countermand the recitation of facts and render the statements false in Photon India's correspondence, which in turn are based upon the investigation and the conclusions of the Indian police and Courts.

Second, as to the claim for trade libel, Payoda similarly fails to meet the pleading standard. In order to state a claim for trade libel, plaintiff must allege: (1) publication, (2) absence of justification, (3) falsity, and (4) direct pecuniary loss. Seeley v. Seymour, 190 Cal.

App.3d 844, 858 (1987). Again, the litigation privilege bars this claim, but additionally, Payoda does not sufficiently allege direct pecuniary loss, falsity, or absence of justification, especially when the documents attached to the Complaint show the criminal litigation in India proves that defendant had good cause to pursue further investigation of Payoda's U.S. customers. The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." Steckman v. Hart Brewing, 143 F.3d 1293, 1295–1296 (9th Cir. 1998). Here, the claims of falsity are contradicted by the documents, they are conclusory and so they should not be accepted as true.

Further, Payoda failed to sufficiently plead special damages as is required for a claim of trade libel. See Fed. R. Civ. P. 9(g). The allegations in the complaint are simply that Defendant "intentionally, wrongfully, with justification, and without privilege published the aforementioned false and disparaging statements concerning Plaintiff's products and services directly to Plaintiff's customers." Complaint ¶22. It is well-settled that the general statements of alleged harm do not sufficiently identify special damages on trade libel claims. See Luxpro Corp. v. Apple Inc., 2011 U.S. Dist. LEXIS 35008, *42-43 (N.D. Cal. Mar. 24, 2011). Payoda's conclusory statements regarding damages are insufficient to support a claim for trade libel and for this additional reason, that claim should be dismissed.

Third, like the preceding claims, Plaintiff's claim for Intentional Interference with Prospective Economic Advantage fails to plead enough facts to state a claim to relief that is plausible on its face. To survive a motion to dismiss, a plaintiff alleging intentional interference with prospective economic advantage must plead acts by the defendant designed to disrupt the relationship. See Transcription Commc'ns. Corp. v. John Muir Health, 2009 U.S. Dist. LEXIS 25151 (N.D. Cal. Mar. 13, 2009). Instead, Plaintiff states that "as a result of defendant's intentional acts, the business relationship between plaintiff and its customers has been disrupted" and that "Defendant's actions as alleged herein we made with malice, fraud, and oppression." Complaint ¶¶ 28, 30. These statements are themselves bare recitals of the claim elements that are insufficient to establish a claim, nor are there any more specific allegations to support it elsewhere in the Complaint. For example, it is not alleged whether the companies the letters were

1 sent to were (or are) in fact Payoda's customers; the nature of Payoda's relationship with them (if
2 any), or the impact the correspondence had on that relationship. The bald conclusion as alleged is
3 insufficient to support any claim for intentional interference and so should be dismissed.

4 <u>Fourth</u>, as to the claim for unfair competition, it is based solely on the other claims by its
5 own terms and must rise or fall with them. Complaint, ¶32 ("Defendant's conduct as alleged
6 herein . . . .") As all of the other claims were insufficiently pled and should be dismissed, so
7 should the claim for unfair competition.

## CONCLUSION

9 Given the lack of detail in the allegations in all of the claims for relief, no claim has been
10 validly stated and they should all be dismissed. Furthermore, Payoda named the wrong
11 Defendant, Photon California, when it is established by the documents attached to the Complaint
12 that the necessary and indispensable party to this dispute is Photon India. Finally, all of the
13 claims alleged here are barred by the litigation privilege, whether alleged against Photon India or
14 Photon California because they all stem from protected communications related to a legal
15 proceeding in India. For all of the foregoing reasons, this Motion should be granted.

17 Dated: October 17, 2014

Respectfully submitted,
COMPUTERLAW GROUP LLP

By: /s/ Christopher Sargent
Jack Russo
Christopher Sargent

Attorneys for Defendant
PHOTON INFOTECH, INC.