# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PAYODA, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHOTON INFOTECH, INC.,<br><br>　　　　Defendant. | Case No. 14-cv-04103-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, WITH LEAVE TO AMEND; DENYING DEFENDANT'S SPECIAL MOTION TO STRIKE**<br><br>[Re: ECF 11, 22] |

Before the Court are two motions by defendant Photon Infotech, Inc. ("Defendant"): Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7), ECF 11, and Defendant's Special Motion to Strike pursuant to California Code of Civil Procedure § 425.16 ("Anti-SLAPP Motion"), ECF 22. The Court heard arguments on both motions on March 12, 2015. For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED and the Complaint is dismissed with leave to amend. Defendant's Anti-SLAPP Motion is DENIED without prejudice.

## I. BACKGROUND

Plaintiff Payoda, Inc. ("Plaintiff") is a New York corporation with its principal place of business in Plano, Texas. Compl. ¶ 1, ECF 1. Defendant is a California corporation with its principal place of business in California. *Id.* ¶ 2. Plaintiff alleges that Defendant has been falsely accusing it, its Chief Executive Officer, Anand Purusothaman, and its employee, Thennavan Asaithambi (who, until 2013, worked for Defendant), of misappropriating Defendant's proprietary information. Specifically, Plaintiff alleges that Defendant lodged a private complaint with the Saidepet Magistrate Court in India against Plaintiff, Mr. Purusothaman, and Mr. Asaithambi, among others, based upon "fabricated" emails purporting to show that Mr. Asaithambi transferred

1  Defendant's sales presentations to Mr. Purusothaman while the former was still employed with
2  Defendant. *Id.* ¶ 8. This complaint led to Mr. Asaithambi's arrest and detention by Indian judicial
3  authorities for approximately three weeks. *Id.* ¶ 9.
4      The gravamen of this lawsuit concerns letters that Defendant's attorney, Christopher
5  Sargent, allegedly sent to three of Plaintiff's customers about the complaint made in India. *Id.* ¶
6  10; *id.* Exhs. A-C. These letters discussed the Indian investigation and indicated that "Photon has
7  recently uncovered substantial evidence that its intellectual property has been stolen by Payoda."
8  *Id.* The customers were cautioned that Photon "believe[s] that the ongoing police investigation
9  will reveal the full extent of the theft of intellectual property by Payoda and will involve the
10 review of any and all work that may have been done by Payoda for all its customers, including
11 you." *Id.* The letters moreover solicited the customers' "cooperation and assistance in this serious
12 and ongoing investigation," indicating that "our client does take any violation of their IP
13 extremely seriously and will take all corrective steps necessary to protect their rights." *Id.*
14 Plaintiff alleges that these letters were false, malicious, and defamatory, and filed suit in federal
15 court asserting claims against Defendant for defamation, trade libel, intentional interference with
16 prospective economic advantage, and violation of the California Unfair Competition Law
17 ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq. Id.* ¶¶ 11, 14-34.
18     In response to the allegations in the Complaint, Defendant filed the two motions presently
19 before the Court. In its motion to dismiss, Defendant contends that the Complaint should be
20 dismissed under Rule 12(b)(6) for failure to state a claim and under Rule 12(b)(7) for failure to
21 join an indispensable party. *See* Def.'s MTD, ECF 11. In its special motion to strike, Defendant
22 argues that the Complaint should be stricken pursuant to California Code of Civil Procedure §
23 425.16 because Plaintiff's is a "strategic lawsuit[s] against public participation" ("SLAPP"). *See*
24 Def.'s Anti-SLAPP Mot., ECF 22.

**II.  DISCUSSION**

26     The Court must at this juncture pause to observe that though it is not clearly alleged, there
27 are actually two other entities involved in this action: Payoda Technologies, a Coimbatore, India
28 based company ("Payoda India" for ease of reference), and Photon Infotech Pvt. Ltd., an Indian

2

1  private limited company ("Photon India" for ease of reference).  *See* Compl. Exhs. A-C; Def.'s
2  MTD 1.  In fact, the exhibits attached to the Complaint and incorporated by reference therein
3  clearly show that Photon India filed the complaint in India against, among others, Mr.
4  Purusothaman in his capacity as "Managing Director" of "Payoda Technologies Pvt Ltd.," which
5  this Court assumes refers to Payoda India.  *See* Compl. Exh. D; *see also id.* Exhs. A-G.
6  Furthermore, each of the three letters that form the gravamen of Plaintiff's claims here indicates
7  that the sender represents Photon India and is writing concerning Payoda India.  *See* Compl. Exhs.
8  A-C.  Thus, although the Complaint describes a dispute between Plaintiff (or, "Payoda U.S.") and
9  Defendant (or, "Photon U.S."), the documents attached to the Complaint directly contradicts those
10 allegations and instead indicate that all of the alleged misconduct was perpetrated by Photon India
11 against Payoda India.

12      After the allegations are placed in the proper context between the proper parties, it is not
13 clear whether a controversy exists between Plaintiff and Defendant,[1] let alone whether Plaintiff
14 has a claim for relief against Defendant and whether Defendant has standing to invoke the
15 protections of California's anti-SLAPP statute against Plaintiff.

16      **A.     Defendant's Motion to Dismiss**

17      To survive a motion to dismiss, a complaint must plead sufficient factual matter that, when
18 accepted as true and construed in the light most favorable to the non-moving party, "allows the
19 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
20 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681,
21 690 (9th Cir. 2011).  Although, in evaluating a motion to dismiss under Rule 12(b)(6), a court
22 accepts well-pleaded factual allegations in the complaint as true, the allegations are not taken as

---

[1] Exhibits A, B, and C to the Complaint clearly indicate that Photon India's letters concerned Payoda India and, as such, would have injured Payoda India if they were false.  *See, e.g.*, Compl. Exh. A at 1 ("We understand that you work with a firm called Payoda Technologies . . . a Coimbatore, India based IT services provider").  Plaintiff at the March 12 hearing averred that the letters were sent to its customers and that though they discussed Payoda India, it was actually Plaintiff that suffered injury as a result of the letters being sent to Plaintiff's customers.  To the extent that could plausibly demonstrate injury to Plaintiff, it is not alleged in the Complaint, which conflates the American and Indian entities of both parties and assumes that they are one and the same.

1    true when directly contradicted by materials attached to or incorporated by reference into the
2    complaint. *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008); *Sprewell v.*
3    *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted), *amended on other*
4    *grounds*, 275 F.3d 1187 (9th Cir. 2001)).

5       Applying that standard here, the documents attached to the Complaint contradict any
6    assertion that the allegedly defamatory letters were sent by *Defendant*. In fact, the documents
7    show that all of the alleged misconduct that Plaintiff attributes to Defendant should instead be
8    attributed to Photon India, as that is the entity that made the complaint in India and on whose
9    behalf the letters were sent. *See* Compl. Exhs. A-G. It is thus not clear whether Defendant took
10   any part in any of the alleged misconduct. Plaintiff does not dispute that the letters attached to the
11   Complaint are from Photon India. Plaintiff argues, however, that the letters "boast" of Photon's
12   large number of employees in "10 offices across US, India and Indonesia" and that Photon's
13   California office is "listed among Photon's numerous U.S. offices appearing on its website." Pl.'s
14   Opp. to MTD 6. Plaintiff contends based on these facts that "any ambiguity between Photon and
15   Photon India is one of their own making." *Id.* Plaintiff further argues that Plaintiff is a "wholly
16   owned subsidiary of Photon India, and both are managed by a common management team that
17   includes Srinivas Balasubramaniam . . . . Accordingly, to the extent Srinivas directed the alleged
18   activity, there is a question as to whether he did so for Photon, Photon India, or both." *Id.*

19      To the extent they are relevant, these facts are not in the Complaint, which simply ignores
20   the fact that Defendant is a different entity from Photon India. To the extent Plaintiff suggests that
21   these and other facts show that Defendant and Photon India are alter egos, such theory is nowhere
22   alleged in the Complaint. Nor are the few facts Plaintiff raised in its briefing sufficient, without
23   more, to satisfy the requirements to establish alter ego liability under California law, as described
24   in *In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010) and *Sonora Diamond Corp. v. Superior*
25   *Court*, 83 Cal. App. 4th 523, 537-39 (2000). *See also NetApp, Inc. v. Nimble Storage, Inc.*, No.
26   5:13-CV-05058-LHKRL, 2015 WL 400251, at *5-8 (N.D. Cal. Jan. 29, 2015). Plaintiff cites to
27   no case law and performs no analysis of the facts to suggest that, absent proper alter ego
28   allegations, Defendant, a purported subsidiary, can and should be held liable for the conduct of the

4

parent, Photon India. As such, Plaintiff has failed to plead facts from which the Court could reasonably infer that Defendant is liable for the misconduct alleged.

For the same reason that Plaintiff has failed to state a claim against Defendant, Defendant has also shown under Rule 19 that Photon India is a necessary party—in fact, it is *the* necessary party. As Plaintiff's claims are premised on letters that were clearly sent on Photon India's behalf, the Court cannot accord complete relief on those claims among the existing parties in this action, particularly where Defendant's part in the alleged misconduct is not clearly alleged. *See* Fed. R. Civ. P. 19(a); *see also Salt River Project Agr. Imp. and Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). Though it does not concede that Photon India is an indispensable party, Plaintiff argues that even if Photon India is necessary, its failure to join that entity as a defendant is not grounds to dismiss the complaint at this juncture. *See* Pl.'s Opp. to MTD 7. On that, at least, Plaintiff is partially correct. Defendant has made no showing that it would be *infeasible* to join Photon India as another defendant.[2] *Salt River*, 672 F.3d at 1178-79 (courts must engage in a three-step inquiry under Rule 12(b)(7) the second of which is whether a necessary party under Rule 19 can feasibly be joined). As such, Defendant has failed to demonstrate that Plaintiff's failure to join Photon India warrants dismissal with prejudice.

Based on the foregoing, the Court concludes that Defendant's Motion to Dismiss must be granted for two reasons: (1) Plaintiff failed to state a claim against Defendant because there are no allegations in the Complaint pertaining to Defendant's actions, nor any allegations to suggest that Defendant is an alter ego of Photon India; and (2) Plaintiff failed to join Photon India, an indispensable party to this action. Plaintiff at the March 12 hearing suggested that it would be able to amend to allege Defendant's liability as an alter ego of Photon India and that it wished to join Photon India in this action. Plaintiff should have an opportunity to do so. Defendant's Motion to Dismiss is accordingly GRANTED with leave to amend.

---

[2] The Court understands that Defendant and Photon India reserve their right to seek dismissal on other grounds should Plaintiff be permitted to join Photon India. *See* Def.'s MTD Reply 1, n.1, ECF 24.

5

**B.     Defendant's Anti-SLAPP Motion**

California Code of Civil Procedure § 425.16, commonly known as the "anti-SLAPP" statute, "allows a court to strike any cause of action that arises from the defendant's exercise of his or her constitutionally protected rights of free speech or petition for redress of grievances." *Flatley v. Mauro*, 39 Cal. 4th 299, 311-12 (2006). In ruling on an anti-SLAPP motion, a court engages in a two-part analysis. First, the moving party must make a threshold showing that the challenged conduct arises out of protected activity. *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002). Once that threshold showing is made, the burden shifts to the non-moving party (the plaintiff) to demonstrate a probability of prevailing on the underlying claim. *Id.*

Defendant argues that the letters constitute protected speech that is privileged under California Civil Code § 47. Def.'s Anti-SLAPP Mot. 7-9, ECF 22. Moreover, because the letters are privileged, Defendant contends that Plaintiff cannot prevail on its claims. *Id.* at 9-13. Plaintiff's mistaken attribution of Photon India's conduct to Defendant renders the anti-SLAPP analysis intractably convoluted.[3] Defendant is not the "speaker" in the letters at issue, did not send the letters, and does not appear to be connected to the misconduct alleged in the Complaint. While that certainly does not bode well for Plaintiff's ability to show a probability of prevailing on its claims against *Defendant* at the second step of the anti-SLAPP analysis, the antecedent problem is that it is not clear whether Defendant has standing to bring the anti-SLAPP motion when there is no misconduct directly attributable to Defendant alleged in the Complaint. Nor has Defendant offered any authority that would permit it to bring an anti-SLAPP motion on Photon India's behalf. Defendant admitted at the March 12 hearing that it filed this motion to preserve its rights under the anti-SLAPP statute while maintaining—correctly—that Plaintiff sued the wrong entity.

Under the present state of the pleadings, the Court thus concludes that Defendant lacks

---

[3] Plaintiff argues that any mistake in its pleadings is Defendant's fault because Defendant—Photon U.S.—sued Plaintiff in state court seeking a declaration that the same three letters at issue here are protected speech and not unlawful. *See* Pl.'s Opp. to MTD 5; Pl.'s Request for Judicial Notice re Mot. to Dismiss Exh. 1, ECF 20. Defendant averred at the March 12 hearing that the declaratory judgment action was filed in error and was dismissed without having ever been served on Plaintiff. Indeed, as Defendant's counsel admitted at the hearing, "mistakes were made." That statement likely holds true for Plaintiff as well.

standing to invoke the anti-SLAPP statute. While the anti-SLAPP statute is to be interpreted broadly and to avoid absurdities, *see Ludwig v. Superior Court*, 37 Cal. App. 4th 8, 18 (1995), the best way to avoid absurdity here is to bring the proper parties before the Court before determining whether an anti-SLAPP motion is proper and successful on the claims at issue. Defendant's Anti-SLAPP Motion is accordingly DENIED, without prejudice.[4]

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is GRANTED, and Plaintiff shall have leave to amend its allegations of alter ego liability and to join Photon India as an additional defendant. No new claims may be added to the amended pleading without leave of court. Defendant's Anti-SLAPP Motion is DENIED without prejudice.

Plaintiff shall file its amended pleading by **no later than April 14, 2015** and shall endeavor to serve any newly joined parties expeditiously. No discovery may proceed until the pleadings are settled and all necessary parties properly served.

**IT IS SO ORDERED.**

Dated: March 24, 2015

_____
BETH LABSON FREEMAN
United States District Judge

---

[4] The Court declines to award attorney's fees because Defendant's motion was not "frivolous or [ ] solely intended to cause unnecessary delay," but rather a good faith response to Plaintiff's pleading error. Cal. Civ. Proc. Code § 425.16(c)(1).