Jack Russo (Cal. Bar No. 96068)
Christopher Sargent (Cal. Bar No. 246285)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com
csargent@computerlaw.com

Attorneys for Defendant
PHOTON INFOTECH, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAYODA, INC., a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PHOTON INFOTECH, INC., a California corporation, PHOTON INFOTECH PVT. LTD., an Indian private limited company,<br><br>Defendant. | Case No. 5:14-CV-04103-BLF<br><br>**DEFENDANT PHOTON INFOTECH, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS UNDER RULE 12(b)(6)**<br><br>Date: July 23, 2015<br>Time: 9:00 a.m.<br>Courtroom: 3, 5th Floor<br>Before the Hon. Beth Labson Freeman |

# INTRODUCTION

The dearth of facts and law cited by Plaintiff in its Opposition even more firmly establishes the lack of merit to the *alter ego* allegations made. Indeed, the oddity of seeking to pierce the corporate veil of a foreign entity into a local entity proves Plaintiff's motive in making these allegations—namely, to try and duplicate litigation in this Court and the Indian courts to have two bites atnd the apple and to take advantage of this Court's location vis-à-vis Google. This is not a proper basis for filing a Complaint, let alone sufficient to support the high requirements to pierce the corporate veil against entities in good standing in their respective jurisdictions. Accordingly, as Plaintiff failed to state a viable *alter ego* theory, this Complaint should be dismissed with prejudice as to Photon California.

# ARGUMENT

## I.  THERE IS NO UNITY OF INTEREST BETWEEN PHOTON INDIA AND PHOTON CALIFORNIA.

The essence of any *alter ego* theory is equity in collections—and nothing in any allegations by Plaintiff suggests Defendant Photon Infotech Private Limited, an Indian private limited company ("Photon India") is in any way undercapitalized or otherwise unable to meet any judgment that may ultimately be issued against it (though none ever will). Here, Plaintiff has not alleged any unity between these two companies that requires disregarding of the entities in good standing.

First, the argument that only two factors that are needed to plead the unity of interest element of *alter ego* has not been adopted by the Ninth Circuit and runs contrary to implied findings in the cases cited by both parties here. Specifically, in Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1135 (9th Cir. 2003) the Ninth Circuit noted the presence of two such factors—shared officers and directors as well as shared office space (much like the allegations herein)—and found them to be insufficient to support a claim for *alter ego*. The Ninth Circuit stated, "Again, these facts do not necessarily render B&C the alter ego or agent of B&C-London." Id.

Computerlaw Group LLP
www.computerlaw.com℠

<u>Second</u>, it is the scope and specificity of the factual allegations that are missing from Plaintiff's Amended Complaint. Plaintiff relies on the <u>Daewoo Electronics</u> decision repeatedly, but in the case the <u>Daewoo Electronics</u> decision cites, <u>Pac. Mar. Freight, Inc. v. Foster</u>, 2010 U.S. Dist. LEXIS 87205, *20 (S.D. Cal. Aug. 24, 2010), there were very specific factual allegations around the question of a unity of interest. For example, there was evidence of commingling of funds shown by making payments for the entity to the individual owner. <u>Id.</u> at *19-20. There was a single owner who handled all of the transactions. <u>Id.</u> at *20. And that sole, individual owner used "her personal reputation and influence" as the basis for the success of the business. <u>Id.</u> No facts of this nature are alleged by the Plaintiff here—the only specifics are a shared website and address and purported common officers. None of those facts relate to the purpose of the *alter ego* doctrine, namely taking advantage of corporate form to commit a wrong, and they are insufficient as a matter of law to pierce the corporate veil.

<u>Third</u>, Photon Infotech, Inc., a California corporation ("Photon California") is not a subsidiary of Photon India as stated in the moving papers and in Photon California's Certificate of Interested Parties. The Amended Complaint does not squarely allege that Photon California is a subsidiary of Photon India, rather, it confusingly states, in full (in the only instances of the use of the word "subsidiaries" Defendant could find): "For example, the 'Photon' website does not distinguish between or refer to any purportedly separately existing or independent Photon entities or subsidiaries, including Photon U.S." Amended Complaint at ¶6. Photon was earlier defined in the Amended Complaint as being a collective reference to both Photon California and Photon India, making that allegation even more confusing. Amended Complaint at ¶3. As Plaintiff failed to make this key allegation (nor could it), the *alter ego* claims should be dismissed.

<u>Fourth</u>, like most of the allegations in the Amended Complaint, in its Opposition, Plaintiff makes a conclusory statement that it has alleged sufficient facts to establish a common enterprise form of *alter ego* without citation to any allegation or mention of any fact. This conclusory claim, like the others, cannot save the Amended Complaint.

## II.  EQUITY REQUIRES DISMISSAL OF THESE *ALTER EGO* CLAIMS.

The only inequitable result that can occur here is maintaining these baseless *alter ego* claims against Photon California. The best "fact" that Plaintiff could cite in support of this necessary element in establishing *alter ego* is that Photon India has somehow created "**public** confusion" (emphasis added) regarding the relationship of the Photon entities. How is public confusion relevant? How does it mislead anyone as to who to seek relief from? For one thing, none of the Photon entities are in the business of selling products or services to consumers. Photon India's customers are other businesses—sophisticated parties with websites of their own who, outside of litigation, understand the differences between entities in various parts of the world. Further, those customers presumably only enter into contracts with specific entities when the identities of those entities are precisely defined. Even when contacting Payoda, Photon India expressly stated the precise name of the entity sending that correspondence. Thus, this whole notion of "public confusion" is irrelevant and inapposite. The relevant question under this prong of the *alter ego* test is whether—in the event a judgment is found against Photon India—will Plaintiff be able to recover or will some abuse of the corporate form bar such collection?

Daewoo Electronics, heavily relied on by Plaintiff, is instructive in this regard. In that case, the Plaintiff suing for *alter ego* had tried and failed to collect on a multi-million dollar judgment for years. Daewoo Elecs. Am. Inc. v. Opta Corp., 2013 U.S. Dist. LEXIS 104603, *3 (N.D. Cal. July 25, 2013). And even in that situation, the Court held there was not a sufficient allegation of an inequitable result. Id. at *17-18.

Plaintiff's reliance on federal law of *alter ego* does not save this allegation either.[1] As an initial matter, that rule appears to only apply to labor law, and should not apply to diversity cases under California law, as shown by the numerous citations to California law in the federal decisions cited in the briefing by both Plaintiff and Defendant. For example, the case cited in footnote 37 of the opposition related to a collective bargaining agreement, and that Court noted "The *alter ego* doctrine as developed in labor law is analytically different from the traditional

---

[1] Plaintiff's cite was to the Federal Practice Guide, but counsel for Defendant found the cited material in a different guide on Corporations cited elsewhere in the opposition. See Friedman, Cal. Prac. Guide Corps. Ch. 2-B, § 2:52.9 (The Rutter Group 2015).

veil-piercing doctrine as developed in corporate law." <u>UA Local 343 of the United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. v. Nor-Cal Plumbing, Inc.</u>, 48 F.3d 1465, 1475 (9th Cir. Cal. 1995). Further, even if that federal rule applied here, the allegations of "fraudulent intent" or "purposeful evasion" are wholly conclusory and cannot support the *alter ego* claim, as Plaintiff cannot cite to anyone confused by anything other than their own self-serving conclusions to that effect.

Finally, nothing in Plaintiff's allegations go to this issue of finance, and there are no specific facts alleged, only conclusions regarding purported and irrelevant "public confusion," that Photon India is somehow seeking to avoid civil or criminal liability. More is required under federal pleading standards than such conclusory statements, particularly regarding claims for what is essentially fraud. These claims do not meet the plausibility requirements of the Federal Rules of Civil Procedure and so should be dismissed with prejudice.

### III. DISCOVERY IS WHOLLY INAPPROPRIATE HERE.

To take discovery, a Plaintiff needs to state a claim that can actually be tested and cannot be for purposes of a fishing expedition into sensitive company documents to see if there might maybe some document supportive of vague claims. "To be sure, when a plaintiff presses an implausible claim, lack of access to evidence does not save the complaint." <u>OSU Student Alliance v. Ray</u>, 699 F.3d 1053, 1078 (9th Cir. 2012). Even under post-<u>Iqbal</u>/<u>Twombly</u> decisions that allow discovery while a motion to dismiss is pending, "discovery requires a minimum showing and 'fishing expeditions' are not permitted." <u>Penalbert-Rosa v. Fortuno-Burset</u>, 631 F.3d 592, 596 (1st Cir. 2011). Thus, discovery can only be taken on well-pled, non-conclusory claims. <u>Id.</u> Here, Plaintiff has no such plausible *alter ego* claims, and it is not allowed to take discovery to save them. Or as the oft-quoted opinion in <u>Iqbal</u> stated, "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-679, 129 S. Ct. 1937, 1950 (2009).

The cases cited by Plaintiff to support discovery are in the context of jurisdictional discovery or relate to discovery already secured, not new discovery to save a claim in light of a

Computerlaw Group LLP
www.computerlaw.com℠

motion to dismiss. For example, in Harris Rutsky the Court noted that "discovery on this issue might well demonstrate facts sufficient to constitute a basis **for jurisdiction**." Harris, 328 F.3d at 1135 (emphasis added). Similarly, the authorities cited to allow amendment to conform to discovery all speak of discovery in the past tense—that is, discovery the amending party has already secured, not discovery they might secure if allowed to go on fishing expeditions. As partially quoted by Plaintiff, "we do not regard Twombly as requiring that defendants' Rule 12(c) motion be granted if evidence **that had already been produced during discovery** would fill the perceived gaps in the Complaint. For example, although the district court found persuasive the defendants' argument that the Complaint did not specify how much RICO income was invested to create the National facility in the Bronx, materials in the record showed that the purchase price of the property was $2.5 million; that of that sum, $500,000 in cash was paid at the closing, and that that $500,000 was provided by National…" Ideal Steel Supply Corp. v. Anza, 652 F.3d 310, 325 (2d Cir. 2011) (emphasis added).

As to Plaintiff's claim to need discovery on the inequitable result claim, that request is belied by Plaintiff's allegations. Plaintiff has argued that *alter ego* liability is somehow established by "public confusion." The very nature of **public** confusion is that it is public, namely equally accessible to all member of the public, including Plaintiff. Discovery cannot be needed on this element, and the dearth of specific factual allegations proves further that there is no such confusion even if the Court were to consider that a relevant point on this analysis. Similarly, the unity of interest factor relies entirely on publicly available statements on the photon.in website such that there is no basis for intrusive, unspecified discovery.

## CONCLUSION

The law and the lack of any relevant, specific factual allegations in the Amended Complaint firmly establish that Plaintiff Payoda has no basis to allege that Photon India and Photon California are *alter egos*. Given Plaintiff's combination of allegations that are either insufficient as a matter of law or wholly conclusory, and the lack of any indication of an ability to fix those fatal flaws without unwarranted and improper discovery, Photon California should be dismissed from this action with prejudice.

Respectfully submitted,
COMPUTERLAW GROUP LLP

Dated: May 19, 2015        By:     /s/ Christopher Sargent
                                   Jack Russo
                                   Christopher Sargent

                                   Attorneys for Defendant
                                   PHOTON INFOTECH, INC.