UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAYODA, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>PHOTON INFOTECH, INC., et al.,<br><br>    Defendants. | Case No.  14-cv-04103-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF 49] |

In this commercial tort dispute, defendant Photon Infotech, Inc. ("Photon U.S.") seeks to dismiss the claims that plaintiff Payoda, Inc. ("Plaintiff") has asserted against it on the ground that Plaintiff failed to adequately allege that Photon U.S. is an alter ego of defendant Photon Infotech Private Ltd. ("Photon India," collectively with Photon U.S., "Defendants"), the true target of Plaintiff's ire.[1]  The Court heard Photon U.S.'s motion to dismiss on July 23, 2015.  For the reasons stated herein, Photon U.S.'s Motion to Dismiss is GRANTED with leave to amend.

**I. BACKGROUND**

The Court assumes familiarity with the facts alleged by Plaintiff, whose substantive claims remain substantially the same.  *Compare* Compl. ¶¶ 1-34, ECF 1; First Am. Compl. ("FAC") ¶¶ 1-49, ECF 46.  The dispute hinges on three allegedly false and defamatory letters sent by Defendants' attorney (who represents both entities) on Photon India's behalf to Plaintiff's customers: Verizon, Hedgemark International, and Bank of America.  FAC ¶¶ 17, 23.  In these letters, Photon India claims that "Payoda Technologies ("Payoda") a Coimbatore, India based IT services provider" with whom each of the customers worked stole Photon India's intellectual

---

[1] Photon India, although named in the FAC, is not presently before the Court.

1  property and that such theft was being actively investigated in India.  The letters furthermore
2  suggested that Plaintiff's customers might be subject to legal action if they failed to cooperate with
3  the investigation.  *Id.* Exhs. A-C.  According to Plaintiff, these accusations are false and entirely
4  based upon emails that "Photon" fabricated, purporting to show that Thennavan Asaithambi, a
5  current employee for Plaintiff who previously worked for Defendants, sent emails to Plaintiff
6  attaching proprietary sales information.  FAC ¶¶ 18-20; *id.* Exhs. E-G.  Based on those allegations,
7  Plaintiff asserts claims for defamation, trade libel, intentional interference with prospective
8  economic advantage, and unfair competition.  FAC ¶¶ 29-49.

Relevant to the present motion (whether Photon U.S. and Photon India are alter egos), Plaintiff alleges that Photon U.S. and Photon India have the same leadership with some of the key leadership figures based in the United States.  *Id.* ¶¶ 8-12.  Plaintiff further alleges that Photon U.S. and Photon India hold themselves out to the public to be the same entity on their website, that public filings indicate that Photon India's "U.S. headquarters are located in San Jose, California," and that records relating to Photon India's U.S. customers are maintained in either San Jose or Chennai, India.  *Id.* ¶ 7.  On information and belief, Plaintiff alleges that the two entities "comingle their assets, including their "facilities, finances, website, email address, phone number, employees, and customers."  *Id.* ¶¶ 6, 13.  Additionally, Plaintiff alleges that Photon U.S. and Photon India intentionally create public confusion regarding their relationship in order to "confuse and mislead customers, competitors, creditors, potential claimants, and other members of the public as to the appropriate entity against whom to seek legal or equitable relief."  *Id.* ¶ 14.

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199–200 (9th Cir. 2003).  Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

To survive a motion to dismiss, a complaint must plead sufficient factual matter that, when accepted as true and construed in the light most favorable to the non-moving party, "allows the

1  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
2  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court does not accept as true "allegations that are
3  merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead*
4  *Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir.2008).  A pleading that offers "labels and
5  conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions
6  devoid of further factual enhancement" will not survive a motion to dismiss.  *Iqbal*, 556 U.S. at
7  678 (citing and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

### III. DISCUSSION

Photon U.S. moves to dismiss Plaintiff's claims against it on the ground that Plaintiff's allegations are insufficient to hold Photon U.S. liable as an alter ego of Photon India.  Def.'s Mot., ECF 49.  There is no dispute that the FAC contains no allegations of independent conduct by Photon U.S. and that the allegations relating to Plaintiff's claims for relief assume that Photon U.S. and Photon India are the same.  The sufficiency of Plaintiff's claims against Photon U.S. thus depends entirely on the sufficiency of its alter ego allegations.

Under California law, two conditions must be met to invoke the alter ego doctrine.  "First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist.  Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000); *see also Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003) (requiring a prima facie showing of the same two requirements).  California courts look to a number of factors to determine whether the doctrine is to be applied, including "commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees," "use of one as a mere shell or conduit for the affairs of the other," "inadequate capitalization, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers." *Sonora*, 83 Cal. App. 4th at 538-39.  No single characteristic is dispositive.  As the Ninth Circuit recently explained with respect to the "unity of interest" prong,

3

1   "this test requires 'a showing that the parent controls the subsidiary to such a degree as to render
2   the latter the mere instrumentality of the former'" and "envisions pervasive control over the
3   subsidiary, such as when a parent corporation 'dictates every facet of the subsidiary's business—
4   from broad policy decisions to routine matters of day-to-day operation.'" *Ranza v. Nike, Inc.*, ---
5   F.3d---, No. 13-35251, 2015 WL 4282986, at *9 (9th Cir. July 16, 2015) (quoting *Doe v. Unocal*
6   *Corp.*, 248 F.3d 915, 926 (9th Cir. 2001)). "Total ownership and shared management personnel
7   are alone insufficient to establish the requisite level of control." *Id.* (citing *Harris Rutsky*, 328
8   F.3d at 1135.

Here, Photon U.S. asserts that Plaintiff does not adequately allege either prong of the alter ego test: there is no unity of interest apparent from the allegations, nor is it alleged in any non-conclusory manner that an inequitable result would follow if the two companies were considered as separate entities. Def.'s Mot. 4-6. Indeed, Photon U.S. argues, Plaintiff has not even alleged that Photon India and Photon U.S. are parent and subsidiary. *Id.* at 4. Plaintiff counters that the allegations are sufficient at the pleading stage and requests leave to take discovery if the Court deems them insufficient. Pl.'s Opp., ECF 54.

### A. Parent-Subsidiary Relationship

Turning to the parent-subsidiary relationship first, Plaintiff requests that the Court take notice of a number of public filings wherein Photon India represents that Photon U.S. is a subsidiary. Pl.'s Request for Judicial Notice ("RJN") Exhs. A-C, ECF 55. Photon U.S. does not oppose this request and the Court finds that the documents are appropriately subject to judicial notice.[2] Fed. R. Evid. 201(b). Furthermore, the judicially noticeable documents reflect that at least as late as March 31, 2012, Photon U.S. was considered a subsidiary of Photon India. Pl.'s RJN Exh. C. While it is curious why Plaintiff omitted this allegation from its FAC, the ability to allege Photon U.S.'s subsidiary status is clearly not a roadblock to Plaintiff's alter ego allegations.[3] Even accepting that Photon U.S. is a subsidiary of Photon India, however, the Court

---

[2] Plaintiff's RJN is therefore GRANTED.

[3] Although neither side argues that the alter ego exception applies solely to holding a parent accountable for its subsidiary's actions, the Ninth Circuit has recently indicated, at least within the

agrees with Photon U.S. that Plaintiff's allegations are insufficient to pierce the corporate veil.

### B. Unity of Interest

Plaintiff has failed to allege sufficient facts that, when taken as true, raise a reasonable inference that there is such a unity of interest between Photon India and Photon U.S. that the latter is a mere instrumentality of the former. The bare allegation that Photon U.S. and Photon India share common leadership and office space is, by itself, insufficient to satisfy the unity of interest prong. *See Harris Rutsky*, 328 F.3d at 1135 (a parent and its subsidiary sharing offices and leadership, even where parent holds 100% stock ownership in subsidiary, is not sufficient to satisfy the unity of interest test); *see also Inst. of Veterinary Pathology, Inc. v. California Health Labs., Inc.*, 116 Cal. App. 3d 111, 120 (1981) (interlocking directorates, 100% stock ownership, consolidated financial statements, and shared minute and stock books do not equate to unity of interest). As such, and without more factual specificity, the conclusory assertion that Photon U.S. and Photon India "comingle their assets" by sharing "facilities, finances, website, email address, phone number, employees, and customers" similarly is not enough to establish a unity of interest or even suggest the existence of a sham corporate veil. FAC ¶¶ 6, 13; *see Harris Rutsky*, 328 F.3d at 1135; *see also Ranza*, 2015 WL 4282986, at *9. Outside of these deficient allegations, Plaintiff also alleges that the marketing on Defendants' website proves unity of interest, as Photon U.S. and Photon India "hold themselves out to the public as being one and the same entity." FAC ¶ 6. Such marketing puffery carries no weight in establishing whether a parent and its subsidiary are in fact alter egos.

### C. Inequitable Result

Plaintiff's inequitable result allegations are even farther afield. Plaintiff alleges that Defendants intentionally seek to "confuse and mislead customers, competitors, creditors, potential claimants, and other members of the public as to the appropriate entity against whom to seek legal or equitable relief" and argues that this is sufficient under federal law to establish alter ego liability

---

context of jurisdiction, that "the alter ego test may be used to extend personal jurisdiction to a foreign parent *or* subsidiary when, in actuality, the foreign entity is not really separate from its domestic affiliate." *Ranza*, 2015 WL 4282986, at *8 (emphasis in original).

5

on the premise that the two companies have purposefully evaded civil and criminal liability. FAC ¶ 14; Pl.'s Opp. 8-9. For this proposition, Plaintiff cites to a practice guide on corporations, which states that "under federal law, claimants seeking to pierce the corporate veil may show, in lieu of 'resulting injustice,' that the shareholders formed the corporation with the fraudulent intent of evading civil or criminal liability." C. Hugh Friedman et al., Cal. Practice Guide Corps. Ch. 2-B, § 2:52.9 (Rutter Group 2015).[4] It is unclear why, in this diversity action asserting state law claims, Plaintiff believes the federal law of alter ego applies. Without belaboring this basic point, "[i]n determining whether alter ego liability applies, we apply the law of the forum state." *In re Schwarzkopf*, 626 F.3d 1032, 1037 (9th Cir. 2010).

Applying California law, it is clear that Plaintiff has failed to allege *any* resulting inequity from permitting Photon U.S. and Photon India to maintain their separate corporate existences. Even if, as Plaintiff suggested at oral argument, Photon India could not satisfy a judgment against it, California courts have consistently rejected this argument, finding that "[t]he alter ego doctrine does not guard every unsatisfied creditor of a corporation but instead affords protection where some conduct amounting to bad faith makes it inequitable for the corporate owner to hide behind the corporate form." *Sonora*, 83 Cal. App. 4th at 539. "Difficulty in enforcing a judgment or collecting a debt does not satisfy [the inequitable results] standard." *Id.*; *accord Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1040-41 (N.D. Cal. 2014).

In sum, "[c]onclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003). Plaintiff has failed to do so here. Photon U.S.'s motion to dismiss is accordingly GRANTED.

### D. Plaintiff's Request for Leave to Amend and to Take Discovery

Recognizing that its pleadings may be insufficient, Plaintiff has requested leave to take discovery into the alleged alter ego relationship and to amend the complaint. Because it appears

---

[4] Plaintiff in its briefing incorrectly cites to the Rutter practice guide on civil procedure. *See* Pl.'s Opp. 8 n.37.

there are some facts that Plaintiff can add to the FAC (such as, for example, Photon U.S.'s subsidiary status), it is not clear that further amendment would be futile, and the Court will permit Plaintiff to amend to attempt to satisfy the pleading threshold for alter ego. As the Court suggested, Plaintiff may alternatively set forth independent claims against Photon U.S. based upon that entity's own conduct, to the extent there are any.

As to discovery, Plaintiff asserts that discovery should be permitted to further develop the record, and that it would be procedurally improper for the Court to "hold Payoda to a heightened evidentiary standard without the benefit of conducting discovery." Pl.'s Opp. 9. In support of its request, Plaintiff relies on *Harris Rutsky*, wherein the Ninth Circuit concluded that it was an abuse of discretion for the district court to deny jurisdictional discovery where the evidentiary record was insufficiently developed to determine whether the alter ego or agency test for the imputation of contacts for personal jurisdiction was met. 328 F.3d at 1135. Here, jurisdiction is not at issue and Plaintiff's request for discovery into alter ego would amount to an unwarranted peek at the merits of its case. Insofar as Plaintiff has not even adequately *alleged* alter ego, there is no basis for expediting discovery into the corporate relationship between Photon U.S. and Photon India.

As the Court indicated to the parties on the record, the discovery stay imposed in the Court's March 24, 2015 Order, ECF 43, is lifted and discovery may proceed consistent with the timing and limits set forth in Federal Rule of Civil Procedure 26.

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Photon U.S.'s Motion to Dismiss is GRANTED with leave to amend. Plaintiff shall file an amended pleading by **no later than August 20, 2015.**

**IT IS SO ORDERED.**

Dated: July 30, 2015

BETH LABSON FREEMAN
United States District Judge