UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PAYODA, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PHOTON INFOTECH, INC., et al.,<br><br>　　　　Defendants. | Case No. 14-cv-04103-BLF<br><br>**ORDER GRANTING MOTION FOR FORUM NON CONVENIENS AND DECLINING TO RULE ON MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>[Re: ECF 71, 73] |

This is an action between Plaintiff Payoda, Inc., a New York corporation ("Payoda New York"), and Defendant Photon Infotech Pvt. Ltd., an Indian private limited company ("Photon India"), but the case cannot be understood without recognizing the existence of two other entities—Payoda Technologies, located in Coimbatore, India ("Payoda India") and Photon Infotech, Inc., a California corporation ("Photon California").

Plaintiff initiated this action by suing Photon California for sending defamatory letters to three of Plaintiff's customers. The letters describe events that occurred between Photon India and Payoda India in India, as well as a criminal investigation and litigation in India. After a series of motions to dismiss, Plaintiff now challenges Photon India rather than Photon California for sending the letters. In other words, this federal suit in California has distilled to a case by a New York corporation against an Indian company for sending allegedly defamatory letters describing events between two Indian companies and their Indian employees in India.

Defendant has moved the Court to dismiss the case for *forum non conveniens*, ECF 71, and for failure to state a claim, ECF 73. For the reasons stated below, the Court GRANTS the motion to dismiss for *forum non conveniens*. Because of that dismissal, the Court does not reach the motion under Rule 12(b)(6), as the applicable law should be decided by the forum that assumes

jurisdiction over this dispute.

## I.     BACKGROUND

The Court assumes familiarity with the facts alleged by Plaintiff, which the Court previously considered on Photon California's Motion to Dismiss the First Amended Complaint (FAC). *See* ECF 49. On July 30, 2015, the Court dismissed Photon California from the First Amended Complaint ("FAC"). *See* ECF 58, Order Granting Defendant's Motion to Dismiss. Following that dismissal, Plaintiff chose not to amend the FAC. Instead, Plaintiff has proceeded with the same allegations, but now against Photon India rather than Photon California.[1] On August 12, 2015, Photon India waived service and appeared in the case. *See* ECF 62. The Court summarizes the allegations in relevant part below.

Plaintiff alleges that Photon India sent defamatory letters to three of Plaintiff's customers. FAC ¶¶ 17, 23. Plaintiff alleges that the letter falsely accused "Payoda of stealing Photon's intellectual property," falsely claimed "that Payoda's products and services may be tainted with Photon's stolen IP and suggest[ed] that Payoda's customers may be exposed to legal action for procuring or using such services" and "reference[d] bogus criminal proceedings that Photon initiated in India based on false allegations and fabricated evidence." *Id.* ¶ 17.

Plaintiff attaches copies of the letters to the FAC. *Id.* Exhs. A-C. The letters also describe the court system in Chennai and references attached copies of the court order, complaint, and police report, all filed in India, as well as an Indian newspaper's reporting of the case. In addition, the letters identify Photon India as the relevant Photon entity, opening with "We represent Photon Infotech Pvt. Ltd. ('Photon')." *Id.* The letters similarly identify Payoda India as the relevant Payoda entity, stating "We understand that you work with a firm called Payoda Technologies ('Payoda') a Coimbatore, India based IT services provider." *Id.* Through that sentence, the letters specify that any reference to "Payoda" means Payoda India. *Id.*

On the basis of these letters, Payoda India sued Photon India for defamation in India ("India Defamation Suit"). *See* Opp. at 5; *see also* ECF 86-1, Ra Dec. ¶¶ 4-9. Then, slightly more

---

[1] The Complaint states "Photon." Because Photon California is no longer a party in this case, the Court reads the allegations as against Photon India.

than a month later, Payoda New York filed this suit against Photon California. ECF 1. As described above, the case has since distilled to a challenge by Payoda New York against Photon India. Photon India now moves to dismiss for *forum non conveniens* and for failure to state a claim under Federal Rule 12(b)(6). The Court begins with the *forum non conveniens* motion.

## I. LEGAL STANDARD

"At the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum." *Piper Aircraft Co.v. Reyno*, 454 U.S. 235, 255 n.22 (1981). Then, the court "must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013); *see also Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 723 (1996). The plaintiff's choice of forum is also entitled to some weight, and "[a] defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum." *Sinochem*, 549 U.S. at 430.

When an alternative forum has jurisdiction to hear the case, a federal court may dismiss on the ground of *forum non conveniens* if "trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp*., 549 U.S. 422, 429 (2007) (alterations in original) (quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 447-48 (1994)).

Dismissal on *forum non conveniens* grounds represents a court's determination, after balancing all of the relevant factors, that "in light of certain conditions . . . jurisdiction ought to be declined." *American Dredging*, 510 U.S. at 453. This determination is committed to the trial court's sound discretion. *Sinochem*, 549 U.S. at 429; *Piper Aircraft*, 454 U.S. at 257.

## II. DISCUSSION

### A. Adequate Alternative Forum

The Court begins by considering the availability of an adequate alternative forum. Defendant "bears the burden of demonstrating that an alternative forum exists and that it is

3

adequate." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006). "Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft*, 454 U.S. at 255 n. 22 (quoting *Gilbert*, 330 U.S. at 506-07). Defendant meets this threshold test, as evidenced by this Motion and the fact that Defendant is a duly formed Indian private limited company.

"In rare circumstances, however, where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative." *Piper Aircraft*, 454 U.S. at 255 n. 22. The test for adequacy "is easy to pass; typically, a forum will be inadequate only where the remedy provided is 'so clearly inadequate or unsatisfactory, that it is no remedy at all.'" *Tuazon,* 433 F.3d at 1178 (quoting *Piper Aircraft*, 454 U.S. at 254); *see also Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991) (quoting *Piper Aircraft*). Thus, to establish that India is an adequate alternative forum, Defendant must show that India is capable of providing "some remedy." *See Lueck v. Sundstrand Corp.,* 236 F.3d 1137, 1143 (9th Cir. 2001).

To meet this standard, Defendant presents a declaration from Srinath Iyengar Ra, Defendant's Associate Vice President – Corporate Legal, who has practiced law in India and the UK for more than 20 years. ECF 86-1, Ra Dec. ¶¶ 1, 2.[2] Mr. Ra's declaration details the history of the India Defamation Suit. Mr. Ra states that the suit was filed in July 2014, admitted by the Court registry in September 2014, and served on Photon India in October 2014. *Id.* ¶ 4. In early 2015, Google India, also named as a defendant in the Suit, filed an application seeking removal from it. *Id.* ¶ 5. In June 2015, Payoda India filed an application to amend its original complaint. *Id.* ¶ 6. That same month, Photon India applied to remove its directors from the case and add other individuals as plaintiffs. *Id.* ¶ 7. Mr. Ra states that Payoda India has yet to file a written statement in response to those applications. *Id.* Mr. Ra suggests that, just as Plaintiff originally sued the incorrect entity here, Payoda India erred in compiling the list of parties in India. *Id.* ¶ 8.

---

[2] Defendant also offers a declaration by Sanjiv Lochan in support of this argument. Plaintiff objects to the admission of Mr. Lochan's declaration and the exhibits attached to it for, among other things, lack of foundation, lack of personal knowledge, and lack of relevance. Opp. at 13-16. The Court SUSTAINS the objection with regard to relevance and does not consider the Lochan Declaration or any exhibits attached to it in reaching this decision.

4

  Mr. Ra also provides a brief overview of the High Court Judicature of Madras, which will hear the India Defamation Suit: he states that in 2014, the court received 878 civil suits and disposed of approximately 105 cases. *Id.* ¶ 14. Finally, Mr. Ra lists examples of cases in India where a foreign plaintiff obtained relief in under a year. *Id.* ¶ 18.[3]

  Plaintiff responds that India is not a suitable alternative forum because its court system suffers from egregious delays. Opp. at 4, 10. A "litigant asserting inadequacy or delay must make a powerful showing" to defeat a showing of adequacy. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F. 3d 1163, 1179 (9th Cir. 2006). To support its view of Indian courts, Plaintiff provides a declaration by J. Suresh, who has served as an attorney in India for 17 years and currently works at JS Law Firm in Chennai, India, which serves as counsel for Payoda India. ECF 85. Mr. Suresh's declaration incorporates a memo prepared for Plaintiff's CEO comparing the Indian and U.S. legal systems. *See* ECF 85-1, Suresh Dec. Exh. A.

  Mr. Suresh explains that under India's Civil Procedure Code, the process for summoning foreign witnesses "can be delayed or dragged on by the other party [because t]here is no provision as . . . in [the] United States for hearings to take place on scheduled dates" and "there is no time limit to conclude the entire proceedings." With regard to this specific case, Mr. Suresh asserts that Photon India joined the case in July 2014 but has "yet to file [a] written statement [of its defense as required under Order 8, Rule 1 of the Civil Procedure Code] even though more than one year has passed." Mr. Suresh also describes the current backlog in the Indian legal system generally. *See* ECF 85-1. He quotes the Law Commission of India's finding that "the judicial system is unable to deliver timely justice," a statement by the Chief Justice of India that "In USA, there are 125 judges for 1 million citizens and in India we have 6 judges for 1 million," and an estimate by

---

[3] Defendant also points out that, before Plaintiff initiated this action, Payoda India filed the India Defamation Suit, which is essentially the same action—a defamation lawsuit against Defendant requesting the same damages on the basis of the same communications—in India. Mot. at 4. Defendant argues that Payoda India's decision to bring suit in India shows that Plaintiff also sees India as an adequate alternative forum. *Id*. Plaintiff correctly responds that Payoda India, not Plaintiff, is the plaintiff in the India Defamation Suit. Thus, the Court does not consider the India Defamation Suit for the purpose of determining Plaintiff's opinion of the Indian legal system, but does find Mr. Ra and Mr. Suresh's descriptions of the Suit's docket relevant to understanding how this case could proceed in India.

Andhra Pradesh High Court Justice V Rao that the Indian judiciary would take 320 years to clear its backlog of 31.28 million cases. *Id.* at 2-3. He concludes with a list of three complex cases that took Indian courts from 18 to 25 years to resolve. *Id.* at 4-5.

Plaintiff also relies heavily on *Bhatnagar v. Surrendra Overseas, Ltd.*, 52 F. 3d. 1220 (3d Cir. 1995)—a Third Circuit case from twenty years ago. In that case, an Indian family living in the United States sued an Indian shipping company for severe lacerations suffered by the family's six-year old daughter while aboard the company's ship. On the basis of expert testimony, the district court concluded that "Calcutta's High Court would take 15-20 years to resolve [the case]" with "another three to six years of appeals after that." *Id.* at 1228. On that basis, the district court denied the defendant's motion to dismiss for *forum non conveniens.*

In reviewing that decision, the Third Circuit noted that "[o]ur own courts suffer from delay, as does any other system that attempts to accord some modicum of process." *Id.* As such, "delays of a few years [are] of no legal significance in the *forum non conveniens* calculus." *Id.* However, at some point, the delay crosses the "line . . . separating tolerable delay from intolerable—that is, delay that does not vitiate a remedy from that which does." *Id.* The Third Circuit found that "delays of up to a quarter of a century fall on the intolerable side of that line." *Id.* Determining that the defendant had "failed to counter effectively the [plaintiffs'] affidavits with evidence of its own demonstrating that the delays in India's legal system either were not present or would not make a suit by the [plaintiffs] in India an exercise in futility," the Third Circuit affirmed the district court's decision not to dismiss. *Id.* at 1229.

In response, Defendant highlights the fact that *Bhatnagar* is a Third Circuit case from twenty years ago and offers *Advanta Corp. v. Dialogic Corp.*, No. C 05-2895 JF, 2006 WL 1156385 (N.D. Cal. May 2, 2006)—a case from this district decided more than ten years after *Bhatnagar*. *Advanta* deemed India an adequate alternative forum. Much like Plaintiff here, the *Advanta* plaintiff argued that the Indian system's endemic delays make it inadequate. *Id.* at *4. The plaintiff estimated that trying the case would take fifteen to twenty years, plus an additional ten years for two stages of appeal. *Id.* The plaintiff also relied on *Bhatnagar*. *Id.* Meanwhile, the defendant offered affidavits from a former Chief Justice of the Indian Supreme Court and two

6

attorneys familiar with practice in Indian courts, which showed that the backlog of cases in the Indian court system is overstated and that the Indian Code of Civil Procedure was amended in 1999 and 2002 to expedite the resolution of civil cases. *Id.* In addition, like Defendant here, the *Advanta* defendant offered numerous cases that found India to be an adequate alternative forum. *Id.* at *5 n. 5 (citing *Neo Sack, Ltd. V. Vinmar Impex, Inc.*, 810 F. Supp. 829, 834 (S.D.Tex. 1993); *Chhawchharia v. Boeing Co.*, 657 F.Supp. 1157, 1160 (S.D.N.Y. 1987); *In re Union Carbide Corp. Gas Plant Disaster*, 634 F.Supp. 842, 852 (S.D.N.Y. 1986), *aff'd as modified*, 809 F.2d 195 (2d Cir. 1987); *PLM Int'l., Inc. V. Nath*, No. C 98-01912 SC, 1998 WL 514045 at *1 (N.D. Cal. Aug. 17, 1998)).

    Having reviewed these arguments, the Court finds that Defendant has met its burden. The Court finds the evidence regarding the Indian Defamation Suit most persuasive as it is most applicable to the case at hand. *See Advanta,* 2006 WL 1156385 at *5 (noting that personal experience with Bombay High Court does not translate to conclusions about the Bangalore District Court). Mr. Ra's declaration establishes that the Indian Defamation Suit has been active. If anything, Mr. Ra suggests that any delay is the result of Payoda India's own choice to sue the wrong defendants and include the wrong plaintiffs. On the other hand, Plaintiff's only argument with regard to the India Defamation Case is that India is inadequate because Defendant has yet to file an answer, but the same is true here. In both cases, the parties have chosen motion practice instead. Thus, Defendant has shown that India is an adequate alternative forum.

### B. Private Interest

    The Court now turns to the next inquiry in the *forum non conveniens* analysis: the parties' private interests. *See Atl. Marine Const. Co.*, 134 S. Ct. at 581. These include relative ease of access to sources of proof; the availability of compulsory process to get unwilling witnesses; the cost of transporting willing witnesses; the possibility of viewing relevant premises; and other practical issues that determine whether or not a trial is expeditious and inexpensive. *See Piper Aircraft*, 454 U.S. at 241 n.6.

    Defendant argues that this case hinges on the truth or falsity of statements asserting that two Indian nationals, Thennavan Asaithambi and Payoda India's CEO Anand Purusothaman, stole

7

intellectual property in India from Photon India for the benefit of Payoda India, and that Mr. Asaithambi and others are now under investigation for that alleged theft in India. Mot. at 8. Thus, Defendant argues, the key witnesses include Mr. Asaithambi, Mr. Purusothaman, and Defendant's CEO, CTO, and COO, all of whom are in India. Mot. at 9. Defendant argues that other evidence is also in India, including documentation of and rulings from the related criminal investigation and Mr. Asaithambi's laptop. *Id*. In addition, Defendant contends that, in light of the India Defamation Suit, this case and any related discovery is duplicative. Mot. at 9. Defendant argues that such duplication is against the private interest and any desire by Plaintiff to forum shop does not legitimize it. *Id.* at 10.

Plaintiff responds that the documentary evidence is readily available here, as evidenced by the exhibits attached to the pleadings and motions. Opp. at 12. With regard to witnesses, Plaintiff recognizes that Mr. Asaithambi and Payoda India's CEO are located in India, but argues that the three recipients of the allegedly defamatory letter—key witnesses with regard to the harm caused—are located in the United States, as are Plaintiff's employees. Plaintiff additionally argues that India's procedural rules would make it difficult to obtain the testimony of U.S. witnesses. *Id; see also* Suresh Dec., Exh. A at 1. With regard to the India Defamation Suit, Plaintiff argues that the two suits involve different plaintiffs and are therefore not duplicative.

To assess the parties' arguments, the Court first turns to the FAC to determine the geographic focus of its allegations. Of the "general allegations," four describe events in India, two more relate to the state of mind of Defendant, located in India, and only two concern Plaintiff's U.S. customers. *See* FAC ¶¶17-28. As is relevant to India, this case would require, among other things, determining whether or not Indian authorities uncovered evidence of intellectual property theft, whether Defendant fabricated evidence in India, and whether the Indian police investigation showed that Plaintiff bribed Defendant's ex-employees. *See* FAC ¶ 22. With regard to the United States, the case would require determining the revenue Plaintiff generates from the three customers and the extent of the harm done to Plaintiff's business and reputation. *Id.* ¶ 23, 28.

Upon review of the parties' arguments and the FAC, the Court finds that the private

interest weighs heavily in favor of dismissing this case.[4] Defendant rightly argues that this case will hinge on the truth or falsity of the statements in the challenged letter, and that the key witnesses and pieces of evidence for that inquiry are located in India. Furthermore, the Court finds that suit in India would not bar Plaintiff from presenting witnesses and evidence from its customers. Plaintiff's argument about India's Civil Procedure Code is unavailing, as Plaintiff itself admits that the Code provides for summoning foreign witnesses. *See* Suresh Dec., Exh. A at 1. Similarly, Plaintiff has failed to suggest, much less establish, why its employees are relevant witnesses. Thus, the private interest weighs in favor of dismissal.

### C. Public Interest

Finally, the Court considers public interest factors, which include "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft*, 454 U.S. at 241 n.6. (quoting *Gilbert*, 330 U.S. at 509); *see also Atl. Marine*, 134 S. Ct. 581 n.6. The parties' dispute with respect to the public interest focuses on choice of law and whether or not this action is duplicative of the India Defamation Suit.

#### i. Choice of Law

The parties devote substantial briefing to choice of law. *See* Mot. at 4-7; Opp. at 6-10; Reply at 1-4.[5] The Court considers these arguments as one factor in the public interest analysis.

---

[4] In addition, Plaintiff contends that because it is an American corporation, the Court must afford significant deference to its choice of a U.S. forum. Opp. at 11. Plaintiff is correct that, "[w]hen a domestic plaintiff initiates litigation in its home forum, it is presumptively convenient." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011). However, in both *Carijano* and *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163 (9th Cir. 2006), the other case Plaintiff relies upon for this proposition, the plaintiff initiated suit not only in his home country, but also in his home state. In contrast, here, Plaintiff is a New York corporation bringing suit in California. Because the Court finds that Defendant has presented a sufficient showing to meet either standard of deference, the Court need not determine what level of deference is required here.

[5] Defendant contends that this is necessary because "before dismissing a case for *forum non conveniens*, a district court must first make a choice of law determination." Mot. at 4 (quoting *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F. 2d 1446, 1450 (9th Cir. 1990)). But this is not a requirement in all cases. Rather, the Ninth Circuit has specified that "the choice of law

9

The parties agree that California law governs the choice of law issue in this case. Mot. at 5; Opp. at 6. Under California law, choice of law is resolved using a three-part "governmental interest analysis." *See Kearney v. Salomon Smith Barney Inc.,* 39 Cal. 4th 95, 107-108 (2006). First, a court determines whether the relevant laws of the two jurisdictions differ. *See Offshore Rental Co. v. Continental Oil Co.,* 22 Cal. 3d 157, 161 (1978). If the laws differ, the court must then examine each jurisdiction's interest in applying its standard to determine whether or not it is legitimate. *Id.* at 163. If the court finds that both jurisdictions have a legitimate interest, the court proceeds to the third step—assessing which jurisdiction's interest would be most impaired if its policies were subordinated to those of the other jurisdiction. *Id.* at 163-64. Because of California's presumption in favor of applying forum law, when neither jurisdiction has an interest in applying its law, California applies its own law. *See Hurtado*, 11 Cal. 3d at 581.

The parties agree on the first factor. *See* Mot. at 5; Opp. at 7. India's defamation law differs from California's in three respects: India expressly exempts defamation from free speech protections, *compare* U.S. Const. Amend. I *with* Article 19(2) of Const. of India 1949; defamation can constitute a criminal offense in India, *see* India Penal Code §§ 499-501; and India permits injunctive relief for defamation, *see* Specific Relief Act of 1963 §§ 38-40.

With regard to the second and third factors, Defendant argues that California has no interest in applying its laws to a case between a New York corporation and an Indian company. Plaintiff responds that California's interest in free speech is legitimate and strong. To support this

---

analysis is only determinative when the case involves a United States statute requiring venue in the United States, such as the Jones Act or the Federal Employers' Liability Act." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1148 (9th Cir. 2001). "The purpose of a choice of law inquiry in a *forum non conveniens* analysis is to determine if one of these statutes would apply." *Id.*

Plaintiff alleges three common law torts and a claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. Thus, no such law applies. Where, as here, a "case does not implicate any United States law which mandates venue in the United States district courts . . . the applicability of United States law to the various causes of action 'should ordinarily not be given conclusive or even substantive weight.'" *Gemini Capital v. Yap Fishing Corp*, 150 F.3d 1088, 1092 (9th Cir. 1998). Because "'there is no arguably applicable law that would end the *forum non conveniens* inquiry . . . no potentially dispositive choice of law determination need [be] made.'" *Id.* at 1092 (quoting *Lockman Foundation*, 930 F. 2d at 771.

position, Plaintiff notes that California law refuses to recognize a defamation judgment from a foreign country unless a California court determines that the foreign court applied law that provided at least as much freedom of speech protection as California law would have. Opp. at 8; *see also* Cal. Code. Civ. Proc. § 1716(c)(9). Plaintiff also points to a similar provision in federal law. *See* 28 U.S.C. § 4102(a)(1). However, Plaintiff fails to connect the strength of that general position to the case at hand. In this case, Defendant is an Indian company—therefore, California would not be asked to recognize or enforce a defamation judgment against it; rather, India would be. Thus, if anything, this framing suggests that India would have a greater interest in applying its laws to this case than does California.

Plaintiff additionally asserts that California has an interest in applying its law here because the letters were sent from Defendant's law firm in California and that at least one of the recipients has an office in California. However, not one of the letters appears to have been sent to California. *See* FAC Exhs. A, B (sent to New York), C (sent to North Carolina). And while the law firm Defendant used to send the letters is based in Palo Alto, CA, the law firm is not a party to this case. Thus, the conduct at issue is minimally connected to California.

Turning to India, Defendant contends that its interest in applying Indian law to this dispute is significant, as it will require assessment of ongoing civil and criminal proceedings in Indian courts, the conduct of Indian police, and the speech of its citizens. Mot. at 5. Plaintiff responds that whatever interest India has is limited to protecting the reputations of its residents—and that this interest is irrelevant here as Plaintiff is not an Indian resident. Opp. at 8 (citing *In re Matter of Yagman,* 796 F. 2d 1165, 1171 (9th Cir. 2004). Furthermore, Plaintiff argues that because Defendant is an Indian resident, India has no interest in exposing Defendant to greater liability than necessary. Opp. at 8. Without a thorough review of Indian case law and legislative history, the Court cannot agree with Plaintiff's speculative articulation of India's interest in this case as any number of interests could have motivated India's approach to defamation. For example, the law could equally be meant to encourage decorum and such a purpose would weigh in favor of applying its law to residents extraterritorially.

The Court finds that California's interest in applying its law to this case, if legitimate, is

11

minimal. On the other hand, given the depth of India's involvement in the case, including a police investigation and civil proceedings, the Court finds that India's interest in applying its law to this case is legitimate and significant. Thus, the choice of law weighs in favor of dismissing this case.

### ii. *Duplicative Litigation*

In addition, Defendant again argues that the India Defamation Suit makes this litigation duplicative, illegitimately adding to this Court's congestion. Mot. at 7. Defendant contends that the two cases are not only burdensome, but could also result in conflicting orders. For example, Defendant argues that this Court may respond differently to Plaintiff's subpoena to Google than how the Indian court will respond to Defendant's application for an injunction against subpoenas and a protective order for documents in India. Mot. at 8. Defendant also argues that this case may interfere with the ongoing criminal investigation in India, as it could be used to bypass the provision of the Indian Code of Criminal Procedure that bars a criminal defendant from accessing evidence while an investigation is pending. *Id.* Plaintiff responds that, because the plaintiffs here and in the India Defamation Suit are different, the lawsuits are not duplicative and therefore present no danger of conflicting orders. Opp. at 11.

While the Court finds Defendant's argument with regard to the criminal investigation speculative, the argument regarding conflict and duplication between the civil suits is persuasive. That an essentially parallel suit is currently being litigated in India suggests that dismissal of this case would minimize the potential for conflicting orders and the duplication of efforts. Thus, the Court finds that the public interest also weighs in favor of dismissal.

Accordingly, the Court GRANTS Defendant's motion to dismiss for *forum non conveniens*. Because of that dismissal, the Court does not reach the motion under Rule 12(b)(6), as the applicable law should be decided by the forum that assumes jurisdiction over this dispute.

**IT IS SO ORDERED**

Dated: March 17, 2016

_____
BETH LABSON FREEMAN
United States District Judge